AMERICAN CONSTRUCTION COMPANY v. EMIL SEELIG ET AL.

No. 2218. Decided January 4, 1911.

**Cities—Occupying Street—Builder's Permit—Ordinance—Injunction.**

The charter of a city vested its powers of government in a city council (*commission form*), provided that no right to occupy or use the streets should be granted except by ordinance, and that every ordinance should be filed for public inspection, in the form in which finally passed, for one week before its final adoption. An ordinance duly adopted gave all property owners the right to use one third of the street for deposit of materials in building, gave no right to enclose it, but required inclosure of dangerous excavations. Contractors erecting a building for a property owner, on application to the council, by verbal motion obtained the passage of a resolution permitting them to enclose a third of the street during construction. Held, that such right could only be granted by ordinance on file for a week before final adoption; that the resolution was ineffective for this purpose; so also was a written permit by the commissioner having charge of the city streets, given in pursuance of such resolution; that adjoining property owners injured by such inclosure diverting travel and obstructing the view, light and air from their premises had a right to relief by injunction against such inclosure; and that the contractors had no legal complaint against an injunction requiring them to so alter such inclosure as to lessen the interference with the enjoyment of their property by such adjoining owners. (Pp. 17-21.)

Error to the Court of Civil Appeals, Third District, in an appeal from Travis County.

Seelig and others sued the construction company and obtained

injunction.   The company appealed, and on affirmance procured writ of error.

*Baker, Botts, Parker & Garwood* and *J. H. Tallichet,* for plaintiff in error.—It affirmatively appeared from the evidence that the erection of the fence and structures enjoined by the court was by authority and with the express consent and permission of the city of Austin and in compliance with law.   Taylor v. Dunn, 80 Texas, 652; Fralinger v. Cook, 71 Atl., 529; Marini v. Graham, 7 Pac., 442.

The construction of the fence and sheds referred to in the pleadings and in the evidence was reasonably necessary in the prosecution of the work of said defendant and was reasonably necessary for the protection of defendant from encroachment by the public and to protect the public from injury from the lawful carrying on of defendant's work. Taylor v. Dunn, 80 Texas, 652; Chicago v. Robbins, 2 Black (U. S.), 423; King v. Cleveland, 28 Fed., 836; Mallory v. Griffey, 85 Pa. St., 275; Clark v. Frey, 8 Ohio St., 358; Simmons v. Atlanta, 67 Ga., 618; State v. Mayor, 15 N. W., 212; Raymond v. Kiseberg, 54 N. W., 612; Jaeger v. Adams, 123 Mass., 26; Graves v. Shattuck, 35 N. H., 540; Hundhausen v. Bond, 36 Wis., 29; Raymond v. Sheboygan, 70 Wis., 318; O'Linda v. Lathrop, 21 Pick., 297; King v. Cleveland, 28 Fed., 835; State v. Omaha, 14 Neb., 265.

*Gregory, Batts & Brooks,* for defendants in error.—The evidence did not show that the erection of the fence and structures enjoined by the trial court was by the authority, consent or permission of the city of Austin.   Permission from the city of Austin for the erection of the obstruction complained of is not conclusive as to the reasonableness of such obstructions, and there was evidence warranting a finding that said obstructions were unreasonable because of their character and extent, and also that they were maintained for an unnecessary and unreasonable period of time.   Constitution of U. S., Amendment V; Texas Constitution, art. 1, sec. 17; Kalteyer v. Sullivan, 18 Texas Civ. App., 488; Railway Co. v. De Groff, 102 Texas, 433; Railway Co. v. Shaw, 99 Texas, 559; Taylor v. Dunn, 80 Texas, 666; O'Neal v. City, 77 Texas, 182; Negus v. Brooklyn, 62 How. Pr., 291; Cooper v. Alden, Harr. (Mich.), 72; Green v. Trenton, 29 Atl., 1043; Railway Co. v. Chester, 3 Del. Co. (Pa.), 18; Atlanta v. Holliday, 96 Ga., 546; Everett v. Council Bluffs, 46 Iowa, 66; Avis v. Vineland, 56 N. J. Law, 474; Ellison v. Allen, 30 N. Y. Supp., 441; Evans v. Commissioner, 84 Hun, 206; Dillon Munic. Corp. (4th ed.), 405; 28 Cyc., 363, 368 and authorities cited in notes.

MR. JUSTICE BROWN delivered the opinion of the court.

George W. Littlefield owned a part of block 69, in the city of Austin, situated at the intersection of Congress avenue and Sixth street, extending north from said Sixth street along the east side of the avenue for 69 feet.   He entered into a contract with plaintiff in error to construct a building to cover the said ground, which extended to the alley east of the avenue between his lots and the

Driskill hotel.  C. H. Page & Brother were the architects, representing the plaintiff in error, and made application to the mayor and commissioners for permission to build a fence so as to include a part of the alley east of the said lots, and added: "Also to put a fence on Congress avenue 69 feet, and a 160 foot fence on Sixth street, to be 7 feet high, to be built of 1x10 planks.  Also to keep up light at night.  Provided not more than eight feet be used in alley."

"Austin, Texas, January 29, 1910.

"The petition on the reverse side of this sheet was unanimously granted by the Fire Commissioners."

Commissioner Powell issued to the said company a permit in the following language: "Gentlemen: This gives permission to use one-third of the width of Congress avenue in front of the Littlefield property at the northeast corner of Sixth and Congress avenue, this being 40 feet measured from the east property line of Congress avenue; and also one-third of the width of Sixth street, being 26 2/3 feet measured from the north property line of same between Congress avenue and the alley east of same."

The following entry was made upon the Minutes of the Council:

"Minutes of Council, page 426, February 1, 1910.

"Councilman Hart presented a petition from C. H. Page & Brother, asking permission to erect a fence around the property upon which the new 'Littlefield Building' is to be erected, including a portion of the alley between that and the Driskill hotel building, with the recommendation of the Board of Fire Commissioners that the request be granted."  On motion the request was granted.

The following ordinances had been enacted by the city council and were then in force:

"*Article 906.*  It shall not be lawful for any person owning, controlling or in any manner engaged in the erection or repairing, or in the tearing down or removal of any building, to use or occupy for the placing of any rock, brick, boards, timber or other material, a greater portion of any street or alley than one-third the width of such street or alley, and no greater portion of the length of such street or alley than the front of the lot of ground under the control of such person or persons so engaged, without the consent of the person or persons owning or controlling the adjoining premises."

"*Article 915.*  Whoever shall, in this city, dig or cause to be dug any excavation in or adjoining any highway, thoroughfare or other public place, and shall not during the night, cause the same to be fenced in with a substantial fence at least three feet high, the boards or rails of which shall not be more than one foot apart, shall be deemed guilty of a misdemeanor."  .  .  .

The charter of the city of Austin, as amended by the Thirty-First Legislature, contained the following provisions:

"*Article XI, section 1.*  The City Council shall be vested the power and charged with the duty of adopting all laws and ordinances, not inconsistent with the Constitution and laws of the State of Texas, touching every object, matter and subject within the purview of the local self-government, conferred by this act upon the citizens of the City of Austin."

Article XII, section 15, of the said charter, prescribes the form of the ordinances of the city in the following language:

"Be it Ordained by the City Council of the City of Austin."

Section 15 of article XI of the said charter provides as follows:

"Every ordinance or resolution appropriating money or ordering any street improvement or sewer or making or authorizing the making of any contract or granting any franchise or right to occupy or use the streets, highways, bridges or public places in the city for any purposes shall be completed, in the form in which it is finally passed, and remain on file with the city clerk for public inspection at least one week before the final passage or adoption thereof; no franchise or right to occupy or use the streets, highways, bridges or public places in the city shall be granted, renewed or extended, except by ordinance." . . .

The company enclosed a portion of Congress avenue with a fence seven feet high, made of planks placed close together, extending along said avenue in front of the Littlefield property and 40 feet into the said avenue, measured from the east line of Congress avenue, south 95 feet to the intersection of Sixth street, and thence along East Sixth street, 26 feet from the North line thereof, 160 feet. The fence was so constructed as to obstruct the view from Congress avenue on its east side south of Sixth street from any point north of the said fence and to obstruct the view from any point on the east side of Congress avenue south of the said fence. Within the said enclosure the company also erected two small buildings of different dimensions but higher than the fence.

The defendants in error were and are citizens of Austin and engaged in business in said block 69, north of the Littlefield property, in houses which they have rented and were and are occupying in the transaction of their business. The effect of the structure before described was to, in a measure, cut off the light and air from said buildings occupied as aforesaid by the defendants in error, and to obstruct the view of the fronts of the said buildings to persons who might be passing up Congress avenue on the east side thereof south of Sixth street, and also to obstruct the view of persons who were passing down on the east side of the avenue from that portion of the avenue looking south of the said structure. It is alleged that the effect of this fence and the other structures within said enclosure were to turn travel from the east side of Congress avenue along in front of the buildings occupied by the defendants in error; that persons who were going north on the east side of said avenue would turn across to the west side thereof, and that persons who wished to go on Congress avenue below Sixth street would go down on the west side of the avenue and cross over below the point where the business of the defendants in error were transacted, and that by this means the right of the defendants in error to have the fronts of their buildings free from any obstruction from view or travel from both directions was impaired and that it resulted in great damage to them pecuniarily, in the loss of trade, etc.

The plaintiffs applied to the Honorable District Judge, Chas. A. Wilcox, for writ of injunction to compel the company to remove the

said obstruction from said street. A trial was had and the District Judge upon hearing of the testimony ordered the structure so modified as to avoid some of the difficulties which were alleged to exist in its then condition. From which judgment and order the company appealed to the Court of Civil Appeals, which affirmed the judgment of the District Court.

Under the ordinance above copied, enacted by the city council of the city of Austin, Littlefield had the right, for the purpose of building, to use one-third of the width of Congress avenue in front of his lots. The city had the authority, by ordinance duly enacted, to grant to abutting property owners the privilege of enclosing that portion of the streets authorized to be used with such enclosures as would serve the purpose of protecting the public from danger incident to the erection of the building, but, without authority from the council, no officer of the city could, by a license or permit, confer that right upon either Littlefield or the Construction Company. The rights of the plaintiffs, who occupied houses fronting upon the said avenue, to have free access to their property from all directions upon the street, as well as the sidewalks, and to have light and air unobstructed, could not be taken from them nor impaired in any way by any license or permit granted by any commissioner of the city. Therefore the permit of the street commissioner is laid out of consideration in this case and the right of the Construction Company to erect the structure complained of depends upon whether the action taken by the city council, as shown by the copy from the minutes of the council, is an ordinance within the meaning of the law.

"Minutes of Council, page 426, February 1, 1910.

"Councilman Hart presented a petition from C. H. Page & Brother, asking permission to erect a fence around the property upon which the new 'Littlefield Building' is to be erected, including a portion of the alley between that and the Driskill hotel building, with the recommendation of the Board of Fire Commissioners that the request be granted."

An ordinance must be reduced to writing before it can be acted on by the council. Stephenson v. Bay City, 26 Mich., 44. The word, ordinance, means something more than a verbal motion subsequently reduced to writing by a clerk or secretary of the local board. Vanderbeck v. Ridgewood, 50 N. J. Law, 514. Tried by this standard the entry upon the minutes of the council is not an ordinance, it was not reduced to writing and has none of the characteristics of an ordinance, therefore, it can not be held to be legitimate authority for the maintenance of the fence and buildings complained of in this action.

The 15th section of the charter, copied above, requires that an ordinance shall be completed in the form in which it is finally passed and be filed with the clerk of the city council in complete form and permitted to remain there for public inspection for one week before action shall be taken upon it. This copy of the records of the city council wholly fails to meet these requirements of the charter. The action was had on verbal motion, no writing was filed.

It is claimed that the structures placed in the street and which

were enjoined in this case were not lawfully placed there and therefore they constituted a nuisance which the court rightfully enjoined ·and might have caused to be abated.    At any rate the court did not go beyond its authority in a case like this in requiring a modification of the structures so as to prevent the injury that would be inflicted upon the plaintiffs in their business.    We therefore hold that the injunction was properly granted and the judgment of ·the District Court is affirmed.

*Affirmed.*