## TOWN OF PLEASANTON v. VANCE.
### (No. 676–4326.)

(Commission of Appeals of Texas, Section A. Nov. 4, 1925.)

**1. Municipal corporations ⟨Key⟩969(1)—Taxpayer not required to pay taxes not levied by ordinance.**

Taxpayer *held* not required to pay ad valorem taxes assessed for those years in which the tax was not levied by the town by an ordinance within Rev. St. 1911, art. 818, as required by article 923.

**2. Constitutional law ⟨Key⟩48—Municipal corporations ⟨Key⟩978(6)—Defense taxes not levied as required by law not taken away by statute.**

Where taxpayer was sued by city for delinquent taxes for certain years, his defense that for such years no levy was made by ordinance, as required by Rev. St. 1911, art. 923, but that the attempted levy for these years was by resolution only, not meeting essential requirements of ordinance as prescribed by article 818, was not taken away by Rev. St. 1911, art. 7689a, as added by Acts 38th Leg. (1923) 2d Called Sess. c. 13, § 6, limiting defenses in suit for delinquent taxes, since, if construed to take away such defense, such statute would deprive taxpayer of property without due course of law.

**3. Taxation ⟨Key⟩37—Defensive rights given by Constitution to taxpayer sued for delinquent taxes could not be taken away by act of Legislature.**

Defensive rights given by Const. art. 8, § 1, to a taxpayer sued for delinquent taxes to show the taxes assessed were not equal and uniform, that the value of the property was not ascertained as provided by law, and that the value assessed was in excess of the real value, could not be taken away by Rev. St. 1911, art. 7689a, as added by Acts 38th Leg. (1923) 2d Called Sess. c. 13, § 6.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by the Town of Pleasanton against P. A. Vance. Judgment for plaintiff was reversed and remanded by the Court of Civil Appeals (261 S. W. 457), and plaintiff brings error. Judgment of Court of Civil Appeals affirmed.

W. M. Abernethy, of Pleasanton, and R. R. Smith, of Jourdanton, for plaintiff in error.

Carl & Swearingen and O. M. Powell, all of San Antonio, for defendant in error.

BISHOP, J. The town of Pleasanton, a municipal corporation incorporated under the general laws, filed this suit against P. A. Vance to recover delinquent taxes alleged in its petition to be due said town on real estate owned by him for the years 1917, 1918, 1919, and 1920, in the total aggregate of $576.09, with certain penalties, costs, and attorneys' fees, and to foreclose statutory lien on said property.

Vance made answer by general denial, and among other special answers alleged that his property was assessed at a value greatly in excess of its market or cash value, and at a much higher rate and value than other similar property in said town, and that its value was not ascertained as provided by law. At the conclusion of the evidence the district court sustained a general demurrer to Vance's answer, and rendered and entered judgment in favor of the town of Pleasanton against him for the amount of the taxes, penalties, and costs alleged in the petition. From this judgment we quote the following:

"The court thereupon, after duly considering the pleadings, the evidence and the law, the court being of the opinion that the acts of Second and Third Called Session of the Thirty-Eighth Legislature of Texas, relating to the collection of delinquent taxes, applies to this case and governs the court in regard to the same, is of the opinion that the plaintiff should recover."

[1] The evidence in the case shows that for the year 1917 the taxes were levied by ordinance as required by article 923, Revised Civil Statutes of 1911, but that for the years 1918, 1919, and 1920 no levy was made by ordinance as is required by this article. The attempted levy for these years was by resolution only, which did not meet the essential requirements of an ordinance as prescribed by article 818. No levy was made for these years, and Vance was under no obligation to pay the taxes assessed therefor. Vance did not render his property for taxes, and assessments were made by the officers of the town. There is evidence that for all four years the assessments were at a value greatly in excess of the value of the property and in excess of the value assessed against other similar property situated within the corporate limits of the town. There was also evidence showing that the value of the property had not been ascertained as provided by law.

The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause, sustaining assignments of error, to which the following propositions are germane, to wit:

"Seventeenth. An act of the Legislature which denies a property owner the right to plead and prove in defense of a suit by a municipal corporation for taxes and to foreclose a tax lien on his private property that the statutes by virtue of which they are sought to be levied have not been complied with and which limits defenses to the following: '(1) That the taxes sued for have been paid; (2) that the defendant was not the owner of the property at the time the suit was filed; or (3) that the taxes sued for are in excess of the limit allowed by the law, but this defense shall apply only to such excess,' in effect permits the taking of private property without due process of law and is unconstitutional. (Germane to assignments Nos. 32, 33, 36, and 39 herein.)

"Eighteenth. An act of the Legislature which

limits a defendant in a suit for taxes to the following defenses: '(1) That the taxes sued for have been paid; (2) that the defendant was not the owner of the property at the time the suit was filed; nor (3) that the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess,' and thereby prohibits him from showing that the taxes attempted to be levied are not equal and uniform according to value, is in violation of article 8, section 1, of the Constitution of the state of Texas, which provides that taxes levied on property shall be equal and uniform in proportion to value. (Germane to assignments Nos. 32, 33, 36, and 39 herein.)"

The application for writ of error to this court was granted for the reason that the opinion of the Court of Civil Appeals in this case (261 S. W. 457) is in direct conflict with the opinion of the Court of Civil Appeals in the case of the City of Rising Star v. Dill, 259 S. W. 652.

[2] Though the town of Pleasanton had levied no ad valorem tax for the years 1918, 1919, and 1920, and for this reason was entitled to assess and collect none, it is in this suit claiming the right to recover a personal judgment against Vance and to foreclose a lien on his property situated within its corporate limits. Its claim is based, not on its right to recover, but on the impotency of Vance to resist its unwarranted demand. Such a proceeding as this would deny a "citizen the right to be heard in court, refusing him the constitutional privilege of a remedy by due course of law for an injury to his right of property. It would deprive him of his property to which he has a perfect title and give it to another who has no right to it, without due course of the law of the land. In plain words, his property would be declared forfeited and taken from him without any judicial investigation." Earle v. City of Henrietta, 91 Tex. 301, 43 S. W. 15; Eustis v. City of Henrietta, 90 Tex. 468, 39 S. W. 567.

[3] Our Constitution also provides that "taxation shall be equal and uniform," and that "all property in this state * * * shall be taxed in proportion to its value, which shall be ascertained as may be provided by law." Article 8, § 1. In a suit to recover taxes the owner of the property assessed has the right under this provision to show in defense of the action that the taxes assessed were not "equal and uniform"; that the value of his property was not ascertained as provided by law; and that the value assessed is in excess of its real value. Acts 2d Called Sess. Thirty-Eighth Leg. c. 13, § 6, adding article 7689a to Revised Statutes of 1911, limiting defenses in suits for the collection of delinquent taxes as quoted in the above propositions, cannot deprive him of this right.

The action of the trial court in sustaining the general demurrer to Vance's answer, to-

gether with the recital contained in the judgment, is conclusive that the evidence in support of the issues, joined by his general denial, as well as the issues tendered in the special pleas in his answer, was not considered by that court. Vance, then, has not been given a hearing on the merits on the issues of fact as to liability for the taxes assessed against his property for the year 1917. It is clear from the pleadings and evidence appearing in this record that the town of Pleasanton was not entitled to recover the taxes for either the year 1918, 1919, or 1920, as no taxes were legally levied against his property for either of those years.

We approve the holding of the Court of Civil Appeals on the questions here discussed, and recommend that its judgment reversing and remanding the cause be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.