**34**

## CITY OF ODESSA v. ELLIOTT.

### No. 1631—6257.

Commission of Appeals of Texas, Section A.
March 15, 1933.

Paul Moss, of Odessa, for plaintiff in error.

J. W. Stovall and Chas. Gibbs, both of San Angelo, for defendant in error.

HARVEY, Presiding Judge.

This is a suit by the city of Odessa against the defendant in error, George D. Elliott, to recover city taxes for the years 1927, 1928, 1929, and 1930, and to foreclose the statutory lien. The trial court rendered judgment in favor of the city for the taxes claimed for the year 1927, and for a portion of the taxes claimed for the years 1928 and 1929, and denied recovery for the taxes claimed for the year 1930. The Court of Civil Appeals affirmed that judgment.

The trial court and the Court of Civil Appeals correctly held that the city was entitled to recover the taxes for the year 1927, and what follows herein has reference to taxes for the other years. The controversy in this respect goes entirely to the manner in which the tax levies for those years were made. The defendant in error contends that such levies mostly are invalid because not made by ordinance.

The city is incorporated, under the general statutes, as a city of less than five thousand inhabitants. In December, 1927, the city, by ordinance, duly issued refunding bonds, known as water and sewer bonds, in the sum of $157,000, bearing interest at the rate of 6 per cent. per annum, payable annually. The bonds were for $1,000 each, and were in groups maturing at different dates. The first group consisting of three of the bonds, matured in 1929, and other groups, varying from four to fourteen bonds, were to mature at two-year intervals up to the year 1967. In the ordinance, it was expressly provided, in substance and effect, that a tax be, and "same is hereby," levied for each year from 1927 to 1967, inclusive, sufficient to pay the bonds and interest as same fell due.

In 1928 the city, by ordinance, duly issued bonds in the sum of $55,000 for street paving. The bonds were for $1,000 each, and were to mature, some singly and others in groups, on May 1st of each year beginning with the year 1930 and ending in 1968. Interest at the rate of 5½ per cent. per annum, on all the bonds, was payable annually as it accrued. In the ordinance providing for the issuance of the bonds, it was provided: "That to pay the interest on said bonds and create a sinking fund sufficient to redeem them at maturity, a tax of thirty cents (30¢) on each one hundred dollars valuation of all taxable property in the City of Odessa, Texas, shall be annually levied and collected, or so much thereof as shall be necessary, or in addition thereto as may be required, until said bonds with interest thereon have been fully paid; and said tax of thirty cents is here now levied for the current year, and so much thereof as shall be necessary, or in addition thereto as may be required, is hereby levied for each succeeding year while said bonds, or any of them are outstanding," etc.

In the year 1929, the city, by ordinance, duly issued funding warrants (refunding outstanding city warrants) in the sum of $29,321.84. The funding warrants were to bear interest at the rate of 6 per cent. per annum, payable annually, and were to mature serially each year from 1931 to 1944, inclusive. The ordinance providing for the issuance of these warrants contains a provision for future tax levies which is in all respects the same as that contained in the above-mentioned ordinance providing for the street paving bonds, except that the named rate is 18 cents instead of 30 cents as there provided.

Except as shown above, there was no tax levy made, by ordinance, for the year 1928, 1929, or 1930. However, in each of the years 1929 and 1930, by simple motion which was adopted and entered in the minutes, the city council provided that the tax levy for the year then current "be $1.50 on the one hundred dollars valuation, and that it be divided: 95 cents to Water and Sewer Bonds, 30 cents to Paving Bonds; 18 cents Funding Warrants, and 7 cents to General Fund." In the year 1928, the city council adopted and entered in the minutes a simple motion of similar import as that just stated above, except that the tax of $1.50 was apportioned 95

cents to the water and sewer bonds, 30 cents to the paving bonds, and 25 cents to the general fund.

The contention of the defendant in error is to the effect that, inasmuch as article 1026 of the statutes prescribes that a tax, as there authorized, shall be levied "by ordinance," that mode must be followed in order to make a valid levy. The contention has reference to all taxes sought to be recovered for the years 1928, 1929, and 1930, except the 30 cents levied for 1928 by the paving bonds ordinance, and the 18 cents levied for 1929 by the funding warrants ordinance.

■ As already shown, each of the three ordinances which have been mentioned provided, in effect, that each succeeding year a tax sufficient to pay, as same matured, the principal debt and accrued interest, be levied. With those respective ordinances passed, the determination, each succeeding year, of the tax rate necessary to satisfy the requirements prescribed in the respective ordinances, became a ministerial duty of the city council. Mitchell County v. City Nat. Bank, 91 Tex. 361, 43 S. W. 880; City of Aransas Pass v. Keeling, 112 Tex. 339, 247 S. W. 818. There is no reason to say that, as occasion arose for the performance of this ministerial duty, the city council could not act except by ordinance. It occurs to us that, where a debt payable in the future is created by ordinance, and the ordinance provides for the levy, each year, of a tax of sufficient amount to meet payment requirements as prescribed in the ordinance, the discretion involved in the passage of the ordinance satisfies the statute. The Legislature never intended to require that ministerial acts of the city council, which are necessary to carry the provisions of the ordinance into effect, be performed by ordinance. It was perfectly consistent with the terms of the statute for the city council in the present instance to determine and fix, by simple motion as it did, the tax rate that was necessary to meet the requirements of the respective ordinances mentioned.

■ However, a different situation prevails with regard to the several levies for current expenses (general fund), which were undertaken to be made by simple motion. As to those, the performance, by the city council, of a duty involving discretion in respects contemplated by the statute was involved; which duty was required by the statute to be performed by ordinance. The attempt, therefore, to levy such tax for current expenses, by means of a simple motion, was ineffectual. Earle v. City of Henrietta, 91 Tex. 301, 43 S. W. 15; American Construction Company v. Seelig, 104 Tex. 16, 133 S. W. 429; Town of Pleasanton v. Vance (Tex. Com. App.) 277 S. W. 89; People's Nat. Bank v. City of Ennis (Tex. Civ. App.) 50 S. W. 632.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals be reversed, and that the cause be remanded, with instructions to the trial court to enter judgment for the city in accordance with this opinion.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, with instructions, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.