to discuss any of the other questions presented for review.

From what we have said, it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## DOHERTY v. SAN AUGUSTINE INDEPENDENT SCHOOL DIST.

### No. 5592.

Court of Civil Appeals of Texas.  Amarillo.
Feb. 21, 1944.

Rehearing Denied March 20, 1944.

Hosea L. Edwards, of Nacogdoches, for appellant.

C. S. Ramsey, of San Augustine, for appellee.

PITTS, Chief Justice.

This suit was filed on May 27, 1943 by appellee, San Augustine Independent School District of San Augustine County, Texas, against appellant, Mrs. J. A. (Mamie) Doherty, a feme sole, as owner of certain land and other parties as lienholders, to recover delinquent taxes, interest, penalties and costs alleged to have been accrued for the years 1930 to 1942, both inclusive. The alleged amounts due for said years on the said property are itemized in a schedule attached to and made a part of the said appellee's pleadings.

The said appellee impleaded the State of Texas, the County of San Augustine, Texas, and the City of San Augustine, Texas, alleging that each of them claimed taxes and liens against the land involved in the suit. The suit was dismissed as to the said State and County upon motions filed by them requesting that such be dismissed and stating that all taxes had been paid to the said State and County on the property for the said years, but the City of San Augustine, Texas, a municipal corporation, answered and alleged that the said appellant was indebted to it for delinquent taxes, interest, penalties and costs on said land for said years and itemized the amounts thereof for said years in a schedule attached to and made a part of said answer.

No complaint is made by appellant as to the sufficiency of the pleadings of appellees. Appellant denies generally the allegations of appellees and relies on her allegations that appellees did not properly and legally assess and levy any taxes on the said property for the said years.

The case was tried without a jury before the court, who rendered judgment on August 28, 1943, disposing of all parties. The trial court held that the taxes due the San Augustine School District for the year 1930 were barred by the ten-year statute of limitation but gave judgment to appellees, San Augustine Independent School District, for $1,109.39 and the City of San Augustine for $1,639.71, with a foreclosure of delinquent tax liens respectively against the property in question, from which judgment the appellant perfected her appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont and

the same was transferred to this court by the Supreme Court of Texas.

It will be noted that appellant does not contend that no assessments and no tax levies were made for said years on said property by appellees but appellant contends that levies were not properly made and that there were no legal assessments made on said property for the said years.

The record discloses that the Board of Trustees of the San Augustine Independent School District and that the City Council of the City of San Augustine, Texas, entered orders or ordinances levying and assessing taxes on said property for each of the said years and the question of whether or not such orders and ordinances were properly or legally made does not matter for all the years complained of through the year 1941, since the Texas Legislature enacted article 1027i and article 2815g—25, Vernon's Annotated Civil Statutes in 1941, validating respectively all irregularities by incorporated cities and all schools in levying and assessing, or attempting to levy and assess, taxes for the use of the said bodies. Both of the said acts were held to be valid by this court in the case of Cook v. City of Booker et al., 167 S.W.2d 232.

Article 7329, Vernon's Annotated Civil Statutes, provides as follows:

"There shall be no defense to a suit for collection of delinquent taxes, as provided for in this chapter except:

"1. That the defendant was not the owner of the land at the time the suit was filed.

"2. That the taxes sued for have been paid, or

"3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess. Acts 2nd C.S.1923, p. 36."

This court held in Cook v. City of Booker et al., supra, that such a statute is a valid exercise of legislative authority.

Appellant is not relying on any of the defenses authorized by article 7329, Vernon's Annotated Civil Statutes. But appellant does complain in four points, the first of which is as follows: that the trial court erred in rendering judgment in "solido" foreclosing the delinquent tax lien against several lots when judgment should have been rendered for the delinquent taxes and foreclosing the tax lien on the lots sepa-

rately and only for the amount due respectively on each lot.

■ The record discloses that the parcels and lots of land in question were not separately rendered for taxes for the years in question but that they were rendered either all together or in groups in the same manner as they are set out in the judgment of the trial court, who rendered judgment for the taxes, interest, penalties and costs against the said lots in the same manner and in the same order as the said lots were assessed for taxes. Appellant made no attack on the validity of the assessment in her pleadings such as she complains of in her first point. The Supreme Court has held that parcels of land rendered and valued separately for taxation by the owner thereof may complain if a judgment is rendered in "solido" foreclosing a delinquent tax lien against several lots but such rule does not apply when two or more parcels are rendered together for taxation purposes as was done in the instant case. State Mortgage Corporation v. Ludwig et al., 121 Tex. 268, 48 S.W.2d 950 and 40 Tex.Jur. 125, sec. 88, support such a rule also. We therefore overrule appellant's first point.

Appellant complains in her second point that the trial court erred in finding in his judgment without evidence to support the same the reasonable, fair value of the property in question to be $10,000 for one tract, $6,000 for another tract and $1,500 for another tract, making a total of $17,500 valuation on all the land in question.

Article 7345b, sec. 5, Vernon's Annotated Civil Statutes, provides that the court shall hear evidence upon the reasonable, fair value of the property and shall incorporate in its judgment a finding of the reasonable, fair value of the property, in bulk or in parcels, either or both, provided that the burden shall be upon the owner of the property to establish the fair value of the property. The total amount of the judgment in the instant case was $2,749.-10, while the court found the value of the property in question to be more than six times the amount of the judgment.

This court held in the case of Burson v. City of Silverton, 138 S.W.2d 921, that the failure of the court to adjudge the value of the property as required by the statutes was not erroneous when the court would not have been authorized to have adjudged the value of the property at an amount less than the amount of the judgment and that such a failure certainly would not constitute error where there was no showing that the taxpayer owning the property requested the court to find and adjudge the value of the property in question.

We would not be warranted in saying that there was no evidence offered in the instant case that would help the trial court to fix the value of the property but the record does not disclose that appellant, who owned the property in question, offered any evidence as to the reasonable, fair value of the said property; neither does the record disclose that appellant made any request of the trial court for a finding or an adjudged value of the property in question.

■ It is our opinion that if the trial court committed any error in fixing and adjudging a reasonable, fair value of the property in question, it was a harmless error and appellant's second point is therefore overruled.

Appellant complains in her third point that the trial court erred in rendering judgment for the appellee, San Augustine Independent School District, for delinquent taxes for the years 1939, 1940 and 1942 because there was no valid school tax levy for either of said years.

This complaint has already been answered by us for the years 1939 and 1940 by citing the validating act of the Texas Legislature in passing article 2815g—25, Vernon's Annotated Civil Statutes, effective in 1941.

Appellant called W. J. Teel, a member and secretary of the Board of Trustees of the San Augustine Independent School District since 1940, as a witness, who testified that he could not find an order in the minutes of the said Board for a tax levy for the year 1942; he testified further that a tax levy of a one dollar rate was made by order of the said Board for the year 1942 and that fifty cents of the said rate was for local maintenance and fifty cents was for retirement of bonds. The witness did produce a record from said minutes showing the appointment of a board of equalization for the year 1942 and he produced another minute showing the approval of the said School Board by a unanimous vote of the school budget for 1942 which budget carried the levy and the tax rate levied by the Board for the said year of 1942.

■ Although the record does not disclose any findings of fact and conclusions of law filed by the trial court nor any re-

quest for such, it is presumed that he found that a proper levy of the tax was made by the School Board for 1942 and rendered judgment accordingly as a result of the testimony of appellant's witness, Teel.

On this very same question the Commission of Appeals held in the case of Yorktown Independent School Dist. et al. v. Afflerbach et al., Tex.Com.App., 12 S.W.2d 130, 132, as follows:

"It is of course true that the minutes of the board of trustees would afford the highest evidence of the action of the board and that such minutes cannot be varied or contradicted by parol evidence, but it does not follow that where the board has acted and the minutes fail to show such action that parol evidence will not be heard to show the real action taken. The admission of such parol evidence is not in anywise to vary or contradict the minutes, but it is to supply the only existing evidence of the actual orders of the board. It is not the actual entry in the minutes of the record of the board's action that gives validity; such record is but evidence. The important consideration is the act of the board. See Mecom v. Ford, 113 Tex. 109, 252 S.W. 491; Martin v. Grandview School District, Tex.Civ.App., 266 S.W. 607, writ refused; 22 C.J. p. 1014, § 1296, and page 1085, § 1426."

We think a proper tax levy was shown for the year 1942 and appellant's third point is therefore overruled.

Appellant complains in her fourth point that the trial court erred in rendering judgment for the City of San Augustine, Texas, for the years 1941 and 1942 for the reason that there was no valid levy of taxes made for the said years by proper ordinance passed by the city council.

This complaint has already been answered by us for the year 1941 by citing the validating act of the Texas Legislature in passing article 1027i, Vernon's Annotated Civil Statutes, which act became effective on June 18, 1941, and the record discloses that the City of San Augustine, through its council, did levy a tax or attempt to do so for the said year of 1941 on April 2, 1941, all of which is conceded by appellant in her brief.

On the question of proper ordinance and tax levy by the City Council of San Augustine for the year 1942, it is agreed that the City of San Augustine is an incorporated city with a population of less than 5,000. The record discloses that the following ordinance was passed by the City Council of San Augustine:

"3/4/42

"Ordinance:

\* \* \* \* \* \*

"Next to be brought up was the tax levy for 1942 in compliance with ordinances pp. 223, 224 as of 4/7/37. A motion of J. W. Richey, Jr. which was seconded by Clyde Smith that levy be set @ $1.50 as of the past years. When called for passage all voted 'Aye.'

A. E. Rushing
"Mayor

"Attest
"J. A. Phillips
"Secty."

The record discloses that "ordinances pp. 223, 224 as of 4/7/37," referred to in above ordinance is as follows, to-wit:

"April 7th 1937

"Ordinance
"An Ordinance Levying and Assessing City Taxes on Property in the City of San Augustine, Texas, for the Year 1937, Specifying the Purpose of Such Tax, Aportioning Tax to be Named Funds, Providing for the Assessment of Such Tax and Property and the Preparation of Tax Rolls and the Collection of Taxes, and Declaring an Emergency:

"Be It Ordained By The City Council of the City of San Augustine, Texas

"that there be and is hereby levied and assessed as and for City Taxes for the City of San Augustine, Texas, for the year of 1937 the sum of One & 50/100 ($1.50) dollars on each one hundred dollars valuation on all taxable property in the City of San Augustine, Texas and subject to taxation in said City, for and during the year 1937; such tax to be prorated among the funds and in the amounts below shown, and being hereby levied and assessed, and ordered assessed, in the amounts and for the purposes as follows: to-wit:

"Road & Bridge Fund; .08¢; City Refunding Bonds, $1.42.

"R. R. Price            J. R. Greer
"Secty                  Mayor."

The record discloses that the said city council was consistent in its efforts since it subsequently passed the following order:

"5/6/42

"Creation of Board:

\* \* \* \* \* \*

"Next: was the appointment of the Equalization Board for and on the City

taxes. The council appointed Willie Teel, G. Z. Moore, and B. J. Butts. So ordered.

"A. E. Rushing, Mayor

"Attest

"J. A. Phillips, Secty."

The record discloses that several debts had been previously created by ordinances passed by the city council of the said city; that such ordinances provided for the levying of taxes annually to pay such indebtedness; and that some of the said debts were still outstanding as bonded indebtedness against the said city.

In a similar case to this styled City of Odessa v. Elliott, 58 S.W.2d 34, 35, the Commission of Appeals said in part:

"It occurs to us that, where a debt payable in the future is created by ordinance, and the ordinance provides for the levy, each year, of a tax of sufficient amount to meet payment requirements as prescribed in the ordinance, the discretion involved in the passage of the ordinance satisfies the statute."

The Dallas Court of Civil Appeals held in the case of Adams v. Royse City, 61 S. W.2d 853, 855, writ refused, that:

"* * * the delinquent tax roll prepared by appellee, in compliance with law, carried with it the presumption that the taxes therein shown had been levied by a duly enacted ordinance, and such presumption is conclusive where no affirmative evidence is offered showing that no such ordinance was actually passed."

The same court held further in the said case that the introduction in evidence of proof of the assessment of taxes and that said taxes were unpaid and delinquent constitutes a prima facie case for recovery of the taxes and that the burden of proof is on the taxpayer to prove that no ordinance was passed levying taxes.

It is our opinion that the 1937 ordinance complies with the statutory requirements. It is our opinion further that the ordinance passed by the City Council of San Augustine of date March 4, 1942 levying the tax rate for 1942 for the said city "in compliance with ordinances pp. 223, 224 as of 4/7/37," thus including the 1937 ordinance by reference, was sufficient to constitute a levy of tax by ordinance of city council of the said city. Under the record and the authorities cited above, to which we add Yorktown Independent School Dist. et al. v. Afflerbach, supra, on the question of intent rather than mechanical processes as reflected by the minutes, we overrule appellant's fourth point.

Appellant contends that she is not waiving any error she has not briefed and calls upon this court to sustain her contention in certain claims made relative to the admissibility and the inadmissibility of certain evidence without briefing her claims or contentions in such matters in any manner. Any complaints made by appellant but not briefed as required by Rule 418, Texas Rules of Civil Procedure, are waived. San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ.App., 164 S.W. 2d 197 and Piedmont Fire Ins. Co. v. Ladin, Tex.Civ.App., 174 S.W.2d 991.

We have carefully examined the record and the assignments of error but find no reversible error. The judgment of the trial court is therefore affirmed.