**GIFFORD–HILL AND CO., Inc., Appellant,**

**v.**

**MIDLOTHIAN INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 4929.**

Court of Civil Appeals of Texas, Waco.

Nov. 12, 1970.

Rehearing Denied Dec. 3, 1970.

H. P. Kucera, Dallas, for appellant.

Earl Luna, Dallas, for appellee.

OPINION

WILSON, Justice.

Plaintiff Gifford-Hill & Co., Inc., operator of a cement plant, sued the School District to set aside the assessment and valuation of its property in the District for the year 1969, and to recover sums paid by it as taxes which it was alleged constituted double taxation on real estate.

It was alleged the District had assessed plaintiff's realty as personalty, and that only about one tenth of that assessed as personalty was actually such, resulting in a grossly excessive valuation of its personal

property; that plaintiff had paid all taxes on realty owned by it and assessed for the year 1969, and had paid taxes on a valuation of $2,268,250 as personalty, resulting in double taxation of its realty. It pleaded that the valuation of plaintiff's "personal property" was grossly excessive.

Plaintiff alleged the purported valuation and equalization of its property was illegal because the District had made a blanket increase in the value of all property by doubling the assessed values for the previous year without equalization or ascertainment of its market value; that the adopted proportion of actual value (which the evidence showed to be 50%) was not followed, but a proportion of 6–18% was used as to realty, resulting in discrimination; that the cement plant of a competitor three times the size of plaintiffs' was assessed at a much smaller proportion of its value; that over two thirds of its total plant was taxed as personalty rather than as realty, and less than one-third as real estate, resulting in discrimination to plaintiff; that if grossly excessive and unequal valuation of plaintiff's property is set aside, its true assessed value, uniformly fixed, should be much less; that plaintiff had adduced evidence before the board of equalization to substantiate the claimed true valuation and discrepancy, and no contrary evidence was presented.

Plaintiff alleged that for the year 1967, after its plant had been completed, the district had assessed it at $1,500,000 as personal property, and plaintiff paid taxes on that assessment, but the district doubled the valuation by blanket order in 1968, again as personalty, and over plaintiff's objection; that taxes for 1968 were paid under protest to avoid penalty, interest and possible litigation and without being fully apprized of the nature of the property assessed at $2,500,000, as being personalty. It alleged there had been no tax levy by

the district for 1969, and the tax roll was not authenticated.

The district pleaded that plaintiff had paid the taxes voluntarily and could not now complain of payments for prior years; and that its tax roll "had been placed into effect and operation" before the suit was filed, and the suit was too late. It filed a cross-action praying for $41,250 as 1969 taxes plus penalty and interest on delinquent taxes from January 1, 1970, and for attorneys fees.

After a non-jury trial judgment was rendered as prayed for by the district on its cross-action, and that plaintiff take nothing. There are no findings of fact, and none were requested.

■ Appellants' contention that the assessed valuations for the preceding year were arbitrarily doubled is overruled. There is some evidence susceptible of this construction; but when considered in its entirety the record reflects that it was the proportion of value which was doubled, not the valuation. The proportion was increased from 25% to 50% of value as the basis for assessment. The Constitutional provision, Art. VIII, Sec. 1, Vernon's Ann.St. Texas Const., that property shall be assessed in proportion to its value, was not thereby violated.

Appellant's initial point is that there was no tax levied. Its argument is that the only order setting a tax rate did not in specific terms levy a tax.[1]

The only reference in its minutes to a tax rate, and the only action of the school board which may be said to relate to levy of taxes for 1969 is in the minutes of the board for August 11, 1969:

"The tax rate for 1969–70 school year was set at a dollar sixty-five, with one dollar for operations and sixty-five cents to be used for debt service".

---

1. At the times under consideration the Texas Education Code had not become effective. The validating Act, Acts 61st Leg., Ch. 54, p. 152, S.B. 172 (Vernon's Ann.Civ.St. Art. 2815g–60) became effective before the dates and events material here.

Texas statutes then in effect governing independent school districts, including, e. g., Arts. 2784e, 2742e–1, 2801 and others, required a tax levy. There "must have been a proper levy of taxes for that year before a collection thereof could be enforced". Yorktown Independent School Dist. v. Afflerbach (Tex.Com.App.1929) 12 S.W.2d 130, 132. See Geffert v. Yorktown Independent School District (Tex.Com.App.1927) 290 S.W. 1083, 1084.

In Purington v. Broughton (Tex.Civ.App., 1913, writ ref.) 158 S.W. 227, 228, relied on by appellant, it was held that an order substantially identical to the present order did not levy a tax, and could not be interpreted as having that effect. In Cranfill Bros. Oil Co. v. State (Tex.Civ.App., 1932, writ ref.) 54 S.W.2d 813, 815, the same court construing substantially the same order, recognizing the conflict with the Purington case, held the order constituted a tax levy. In Victory v. State (1942) 138 Tex. 285, 158 S.W.2d 760, 765 the Supreme Court pointed out that refusal of the writ application in the latter case was an approval of the Cranfill case and a disapproval of Purington v. Broughton. The Supreme Court also held an order that "the tax rate is adopted" at a stated amount was sufficient. In our opinion the order in question constituted a valid tax levy order.

The evidence is conflicting concerning the comparative values of the property of plaintiff and its competitor, but we are unable to hold that the evidence does not sustain the implied finding of the trial court.

There is substantial evidence that much of plaintiff's realty was assessed as personalty, but this result is attributable to plaintiff's own conduct. It filed its verified rendition with the tax assessor listing sixteen tracts of realty on which it placed a total value of $80,312. It then listed: "Personal Property. 1—complete cement manufacturing plant including all rolling stock, machinery, equipment, inventories, etc., used in connection therewith $2,000,-000." Appellant may not complain that the District used its own voluntarily submitted ratio of personalty to total property valuation, or that the District assessed its plant as personalty in accordance with its rendition. The values shown on plaintiff's own equipment register preclude our holding that the evidence does not sustain the implied findings of the trial court concerning valuation.

It is insisted that a railroad locomotive and several cement transport trucks are taxable only at the domicile of the owner outside the District. Plaintiff is not a railroad company. The evidence is adequate to show the equipment had acquired a tax situs in a jurisdiction other than the owner's domicile under the rules stated in Greyhound Lines, Inc. v. Board of Equalization (Tex.Sup.1967) 419 S.W.2d 345, 349 and City of Dallas v. Overton, 363 S.W.2d 821 (Tex.Civ.App., Dallas 1962, writ ref. n. r. e.) In any event, plaintiff had taxable personal property of sufficient value within the District, under the evidence, to sustain the assessed valuation of its personalty exclusive of these items.

Plaintiff says it was not liable for full penalty or attorneys fees because the taxes were not delinquent. This contention is not briefed. The sole reason assigned is that there was no valid tax levy order, a contention heretofore disposed of. Appellant's points are overruled.

The judgment is affirmed.