**MERCEDES INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**L. P. NOLEN, d/b/a Mercedes Flying Service, Appellee.**

**No. 1021.**

Court of Civil Appeals of Texas, Corpus Christi.

April 29, 1976.

J. D. Vollmer, Mercedes, for appellant.

Bates & Hendrix, Cornelius B. Marsh, IV, Edinburg, for appellee.

## OPINION

YOUNG, Justice.

Suit was filed by the Mercedes Independent School District against L. P. Nolen, d/b/a Mercedes Flying Service to recover delinquent personal property ad valorem taxes. The trial court, sitting without a jury, found that the taxes had not been levied as required by law and entered a take nothing judgment against the school district who appeals.

The record reflects no requests for findings of fact or conclusions of law. Nor were any filed separate from the judgment. In the judgment there is, however, this combination finding and conclusion:

> "The Court further finds that the Plaintiff, the Mercedes Independent School District is entitled to nothing and the judgment should be rendered against the Plaintiff on their asserted cause of action because of the failure of the Plaintiff taxing body to levy personal property taxes by ordinance rather than by resolution."

The issues presented upon appeal require a determination of the requirements of a proper levy of taxes by a board of trustees of an independent school district.

The school district produced in the trial court the official tax records which reflected that the taxes, penalties and interest sued for were due, delinquent and unpaid for the years 1969 through 1974. Additionally, the testimony of Ismael Luna, tax assessor-collector and custodian of the tax records, was offered to establish that the taxes were due and unpaid. In defense, the taxpayer Nolen introduced into evidence interrogatories and answers to those interrogatories propounded to Luna in 1972 during the discovery stage of the litigation. It was developed upon the cross-examination of Luna at the trial that the board of trustees levy taxes by resolution rather than by ordinance. The question and response of Luna was as follows:

> "Q  Now, in the interrogatories I asked you whether the taxing body, the Mercedes Independent School District, taxes by resolution or by ordinance, and your answer was by resolution, is that correct?
>
> A  Yes, sir."

Nolen also introduced the pertinent portions of the minutes of the meetings of the board of trustees for the years 1969

through 1972. The minutes reveal that in a 1969 meeting of the board a motion was made, seconded and carried to "adopt" the same tax as in the previous year: $1.22 local maintenance plus $0.63 for debt services. We presume that by this language the board intended to levy a tax of $1.85 on each $100.00 of property within the taxing district. In August 1970 and 1971 the board made, seconded and carried a motion to "set" the tax rate for a like amount for the respective years. In August 1972 a motion was made and seconded to "keep" the tax rate the same as in the previous year. The minutes do not reflect that this motion carried.

Appellant contends, in his first point of error, that there was no evidence to support the judgment that the school district take nothing as to its claim for the years 1973 and 1974. It is urged that a prima facie case was established for tax liability for 1969 through 1974 by introduction of the official tax records and testimony of the tax assessor-collector, and that no evidence was offered by the taxpayer to rebut liability for 1973 and 1974.

The delinquent tax records and the testimony of the assessor-collector established a prima facie case as to every material fact of liability for the years 1969 through 1974. *East and Mount Houston Independent School District v. South Texas Lumber Company,* 153 Tex. 795, 271 S.W.2d 795 (1954); *Plyler v. City of Pearland,* 489 S.W.2d 459 (Tex.Civ.App.—Houston (1st Dist.) 1972, writ ref'd n. r. e.). The burden was then upon the taxpayer to offer a valid defense. *State v. Whittenburg,* 153 Tex. 205, 265 S.W.2d 569, 572 (1954); *Whaley v. Nocona Independent School District,* 339 S.W.2d 265, 267 (Tex.Civ.App.—Fort Worth 1960, writ ref'd). It is provided by statute that in a suit for collection of delinquent taxes there shall be no defenses except: 1) that the defendant was not the owner of the land at the time the suit was filed; or 2) that the taxes sued for have been paid; or 3) that the taxes are in excess of the limit allowed by law. Tex.Rev.Civ.Stat. Ann. art. 7329 (1960). This statute does not preclude, however, the defense that the taxes were not levied as required by law. *Town of Pleasanton v. Vance,* 277 S.W. 89 (Tex.Com.App.1925, judgmt. adopted).

Nolen's defense was that the taxes had not been levied as required by law. The only evidence bearing upon this issue for the taxable years 1973 and 1974 which supports the judgment of the trial court is the testimony of Luna by interrogatories in 1972 that the school district taxes by resolution. We must next determine whether this constitutes a valid defense.

■ The levy of an annual ad valorem tax by a board of trustees of an independent school district is required to be by ordinance rather than by motion or resolution. *Flower Grove Independent School Dist. v. Koger,* 77 S.W.2d 602 (Tex.Civ.App. —El Paso 1934, writ dismissed). The testimony of Luna about taxing by resolution is not contradicted and neither party sought too further qualify it. The question was not limited to any specific year. So the trial court must have assumed that the question and answer pertained to all taxing years in issue, 1969 through 1974. The appellant argues, however, that because the interrogatories were submitted to Luna in 1972 and he responded in 1972, the interrogatories cannot constitute evidence of a defense, based on no levy of taxes by ordinance, for the years 1973 and 1974. We agree. We hold, therefore, that there was no evidence upon which the trial court could properly base a finding, as to the taxable years 1973 and 1974, that levy had not been accomplished as required by law. The appellant's first point of error is sustained.

■ Appellant next contends, in point of error two, that there was not sufficient evidence to support the judgment of the trial court as to the taxable years 1969 through 1972. He argues that the minutes of the board reflect the adoption of the school budget for the respective years and thus the adoption of a municipal debt to be paid in the future. Relying upon *City of Odessa v. Elliott,* 58 S.W.2d 34 (Tex.Com. App.1933, holding approved), appellant urges that when the board adopts a debt to

be paid in the future, the levy of taxes to pay that debt need not be by ordinance. We do not agree.

In *City of Odessa v. Elliott,* supra, the court held that where the city had created a municipal debt by ordinance which provided that each year a tax sufficient to pay the debt be levied, the annual determination of the tax rate necessary to satisfy the requirements of the ordinance was a ministerial duty of the city council. Under these circumstances the fixing of the annual tax rate by simple motion did not violate the statute which required that levy be by ordinance. The record in the present case does not reveal such an ordinance. We have only a simple motion to approve or accept the school budget recorded in the minutes of the board. The statutory requirement that levy be by ordinance remains unsatisfied. We therefore hold that *City of Odessa v. Elliott,* supra, is not controlling of the case at bar. Appellant's second point of error is overruled.

In its final point of error, appellant argues that the ad valorem taxes were properly levied by verbal motion, made, adopted, and entered in the minutes of the board, and the levy need not be reduced to writing before being acted upon by the board. In support of this argument appellant cites *Yorktown Independent School District v. Afflerbach,* 12 S.W.2d 130 (Tex.Com.App.—1929, holding approved), and *Port Neches Independent School Dist. v. Reconstruction Finance Corp.,* 121 F.Supp. 561 (E.D.Tex.1954).

In *Afflerbach* the taxpayer sought to enjoin the collection of taxes by the trustees of the independent school board for 1921 and other years. The minutes of the board in 1921 did not show a levy for that year. In 1922, however, the board made and entered a written order which recited that in October 1921 a motion was made and carried levying a tax for 1921 and set out the amount of the tax and its purpose. The order further explained that although the 1921 minutes of the board did not reflect such board action, the board was at this time ratifying and confirming that levy and

further ordered that the tax collector proceed to collect said taxes for 1921. The court held that a proper levy was shown for the 1921 taxable year.

■ It is arguable that the Commission of Appeals' opinion could be read to mean that a verbal motion made and carried is sufficient to levy a tax. Indeed, this was the interpretation given to *Afflerbach* by the court in *Port Neches Independent School Dist. v. Reconstruction Finance Corp.,* supra. We find it significant, however, that the Texas Supreme Court only approved the holdings of the Commission of Appeals in their review of *Afflerbach.* This signifies that the court did not necessarily approve its reasoning. *Pate v. Security Union Ins. Co.,* 54 S.W.2d 355 (Tex.Civ.App.—Austin 1932, no writ). The opinions of the Commission of Appeal which are not expressly approved by the Supreme Court are not authoritative as precedent. *Galbraith-Foxworth Lumber Co. v. Gerneth,* 66 S.W.2d 471 (Tex.Civ.App.—Fort Worth 1933, writ dismissed).

We consider that the better reason for the holding in *Afflerbach* that there was a proper levy in 1921 is that the board of trustees satisfied the requirements of the statutes by entry of the formal written order. It must also be pointed out that the federal court in *Port Neches* did not base its decision solely upon the *Afflerbach* opinion. The court also found that art. 2815g–47, Tex.Rev.Civ.Stat.Ann. (1953), validated the attempted levy by the board. We find, therefore, that *Afflerbach* and *Port Neches* are not supportive of the appellant's position.

■ An ordinance is something more than a mere verbal motion or resolution, adopted, subsequently reduced to writing, and entered in the minutes. *American Const. Co. v. Seelig,* 104 Tex. 16, 133 S.W. 429 (1911). It must be invested substantially with the formalities, solemnities and characteristics of an ordinance, as distinguished from a simple motion or resolution. *Vance v. Town of Pleasanton,* 261 S.W. 457 (Tex.Civ.App.—San Antonio 1924), aff'd, 277 S.W. 89 (Tex.Com.App.1925). The min-

utes of the board of trustees of the Mercedes Independent School District do not reflect that levy was by ordinance. These attempts to levy a tax are at best, simple motions which do not meet the requirements of the statutes.

The appellant also argues that the Texas Legislature has, by statute, validated the actions of the school board and although the taxes may not have been properly levied, they are now to be considered as valid and legal. We find two such statutes which we consider applicable to the facts of this case. The legislature passed in 1969 art. 2815g–60, Tex.Rev.Civ.Stat.Ann., which became effective April 3, 1969. Section 3 of this statute reads in part as follows:

". . . all proceedings, resolutions, orders, ordinances, and other acts or attempted acts of . . . all such school districts, pertaining to, or attempting to . . . authorize, any such bonds, bond taxes, maintenance taxes, and bond assumptions, be and are hereby validated in all respects, . . . as though they had been duly and legally issued, authorized, or accomplished in the first instance."

In 1971 the legislature passed art. 2815g–61, Tex.Rev.Civ.Stat.Ann., effective May 11, 1971. This act is substantially identical to the one passed in 1969. Similar validating statutes have been held to be effective to rectify defects or irregularities in the levying of taxes by a school district. *Frost v. Village of Hilshire Village,* 403 S.W.2d 836 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.); *Cook v. City of Booker,* 167 S.W.2d 232 (Tex.Civ.App.—Amarillo 1942, no writ); *Morris v. City of Conroe,* 47 S.W.2d 690 (Tex.Civ.App.—Beaumont 1932, writ ref'd).

The 1969 validating statute was effective prior to any attempted levy by the board. It is not prospective in its application and thus it does not validate any of the future board actions. *Gifford-Hill and Co. v. Midlothian Independent School District,* 459 S.W.2d 944 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.). The 1971 validating statute, however, was effective to validate all actions of the board prior to its effective date

of May 11, 1971. Any defects in levying a tax for 1969 and 1970 was cured. *Doherty v. San Augustine Independent School Dist.,* 178 S.W.2d 866 (Tex.Civ.App.—Amarillo 1944, err. ref.). The board actions taken in 1971 through 1974 remain unaffected by either validating act.

Appellee suggests that these validating acts are unconstitutional because the subject of the act (validation of an attempted tax levy) is not contained within its title as required by art. III, § 35, Tex.Const. We do not agree.

If the caption states the main subject of the act, any subsidiary matter reasonably connected, germane, incidental, or relevant to the main subject will be covered. *Lee v. State,* 163 Tex. 89, 352 S.W.2d 724 (1962). The title or caption of the 1971 act is: "Art. 2815g–61. Validating of districts, boundary lines, resolutions, orders and ordinances for separation from municipal control; bonds; exceptions". The title is thus sufficient because it announces that embraced within the act is the validation of "resolutions". The appellant's final point is sustained as to the years 1969 and 1970 and overruled for the years 1971 and 1972.

The judgment of the trial court is affirmed as to the years 1971 and 1972 and reversed and rendered that school district recover from Nolen for the years 1969, 1970, 1973 and 1974. All costs, both here and in the trial court, are to be taxed one-third (⅓) to appellant and two-thirds (⅔) to appellee.

Reversed and rendered in part, affirmed in part.