Evangeline HEXT, Appellant,

v.

CENTRAL EDUCATION AGENCY, Lionel R. Meno, and Vidor Independent School District, Appellees.

No. 03-95-00113-CV.

Court of Appeals of Texas, Austin.

Oct. 11, 1995.

Rehearing Overruled Nov. 22, 1995.

Dianne E. Doggett, Texas State Teachers Association, Austin.

Dan Morales, Attorney General, Stuart W. Bowen, Jr., Assistant Attorney General, General Counsel Division, Austin, for Lionel R. Meno.

Dan Morales, Attorney General, George Warner, Assistant Attorney General, General Counsel Division, Austin, for Central Education Agency.

Melody G. Thomas, Wells, Peyton, Beard, Greenberg, Hunt & Crawford, L.L.P., Beaumont, for Vidor I.S.D.

Before POWERS, ABOUSSIE and KIDD, JJ.

POWERS, Justice.

Evangeline Hext appeals from a district-court judgment that affirms a decision of the Commissioner of Education in an administrative proceeding brought by Hext after her employer, the Vidor Independent School District, elected not to renew her employment as a teacher. *See* Tex.Educ.Code Ann. §§ 21.201–.211 (West 1987 & Supp.1995). We will affirm the district-court judgment.

## THE CONTROVERSY

The District employed Hext under a term contract and was free to choose not to renew the contract on its expiration. Tex.Educ. Code Ann. § 21.203(a) (West 1987). Before making that decision, however, the board of trustees was required to give Hext notice that the superintendent had recommended nonrenewal, to afford her a hearing in that regard, and to make a decision on a review of the record developed by an impartial hearing officer following oral argument by Hext or her representative. Tex.Educ.Code Ann. §§ 21.204(a), 21.205(b) (West 1987 & Supp. 1995).

The superintendent recommended to the board that Hext's contract not be renewed for the succeeding school year. The board gave Hext written notice of such recommendation. After the requisite hearing, the board decided not to renew her contract. In her administrative appeal, the Commissioner affirmed the board decision. *See* Tex.Educ. Code Ann. § 21.207 (West 1987). The district court affirmed the Commissioner's decision and Hext appealed to this Court.

## DISCUSSION AND HOLDINGS

At the time relevant here, section 21.204(a) of the Texas Education Code provided as follows:[1]

In the event the board of trustees receives a recommendation for nonrenewal, the

---

1. Code section 21.204(a) was amended effective September 1, 1993. *See* Act of May 31, 1993, 73d Leg., R.S., ch. 347, § 8.17, 1993 Tex.Gen. Laws 1479, 1548 (to be codified at Tex.Educ. Code Ann. § 21.204(a)). The events material here occurred before that date.

board, after consideration of the written evaluations required by Section 21.202 ... and the reasons for the recommendation, shall, in its sole discretion, either reject the recommendation or shall give the teacher written notice of the proposed nonrenewal on or before April 1 preceding the end of the employment term fixed in the contract.

The Term Contract Nonrenewal Act, 67th Leg., R.S., ch. 765, § 2, 1981 Tex.Gen.Laws 2847, 2847–48 (Tex.Educ.Code Ann. § 21.204(a), since amended). Subsection (b) of section 21.204 of the Code states that the teacher is employed for the succeeding school year "in the event of failure to give such notice of proposed nonrenewal" before April 1. Tex.Educ.Code Ann. § 21.204(b) (West 1987).

In her first point of error, Hext contends her contract was renewed for another year under section 21.204(b) because she did not receive before April 1 a legally effective notice that the superintendent had recommended against renewing her contract. Hext stipulated before the Commissioner that she in fact received such notice before April 1.[2] She argues on the following rationale, however, that the notice was without legal effect: (1) a statute required that the board's minutes state the subject matter of each of the board's deliberations and "the vote, order, decision or other action taken by the board";[3] (2) the board's minutes for the meeting in question do not show affirmatively that the board deliberated upon or decided to send her the statutory notice; (3) the board's minutes are conclusive and may not be varied by parol; (4) therefore her stipulation does not establish that the board sent her the statutory notice. We reject the rationale.

One must distinguish between a case where a governing body's minutes reflect affirmatively that it took an action and a case where, as here, the minutes are silent on whether the body took a particular action. In the first case, the minutes are indeed conclusive in order "to make it certain that rights which have accrued under such actions shall not be destroyed or affected by the always fallible and often wholly unreliable recollection of witnesses." Crabb v. Uvalde Paving Co., 23 S.W.2d 300, 302 (Tex.Comm. App.—1930, holding approved). The minutes should be corrected promptly in such cases, but the correction has no affect upon the rights of intervening third parties.[4] See Charles S. Ryne, Municipal Law § 5.11 (1957). Where, however, the record is silent on whether the governing body took a particular action, as in the present case, parol evidence cannot have the effect of varying or contradicting the minutes. Such evidence is therefore admissible as the only evidence of whether the governing body actually took the action. Doherty v. San Augustine Indep. Sch. Dist., 178 S.W.2d 866, 869 (Tex.Civ. App.—Amarillo 1944, no writ).

We hold, therefore, that parol evidence in the form of Hext's stipulation was competent to establish that the board sent her the requisite notice. Accordingly, we overrule her first point of error. In light of our doing so, we need not discuss her second point of error in which she contends the Commissioner erred in holding that she waived the board's failure to give her the required notice. We affirm the trial-court judgment.

2. The stipulation incorporates photocopies of the board's two letters to Hext, one dated February 20, 1991, the other dated March 8, 1991. Both purport on their face to be from the board of trustees and state that the board had received the superintendent's recommendation of nonrenewal. After the first letter, a hearing was held on March 14, 1991. The board voted not to renew Hext's contract after that hearing, but rescinded its action in a meeting on March 20, 1991, while voting also to reconsider its decision. In a meeting on March 26, 1991, the board again voted not to renew Hext's contract.

3. Tex. Gov't Code Ann. § 551.021 (West 1994). We assume, without deciding, that the board's sending the notice was an "action" within the meaning of that word as used in section 551.021. The statute does not state any consequences that result from a failure to record in the minutes the required matters.

4. We need not discuss whether an immediate party, such as Hext, may resist a correction of the minutes.