## SILVA v. SILVA.

### No. 14632.

Court of Civil Appeals of Texas.
Fort Worth.

June 16, 1944.

Chas. T. Groce, of Fort Worth, for appellant.

A. L. Wardlaw, of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellee sued for divorce. Appellant was served with citation, but filed no answer, and made no appearance at the trial, nor was any evidence offered on his behalf. In the second number paragraph of her petition appellee alleged that she and appellant were married on May 21, 1935, and lived together as husband and wife until December 6, 1937, when, to quote the petition, "on account of the cruel, harsh and tyrannical treatment to this plaintiff by defendant, plaintiff was forced to abandon defendant and they have not lived together since as husband and wife". The third numbered paragraph of the petition reads as follows: "That plaintiff has at all times been an affectionate and dutiful wife and has conducted herself with propriety, but that defendant is a person of very violent disposition and has been guilty of excess cruelty and abuses toward this plaintiff, beating her, cursing her, and threatening her life in fits of anger, all of which treatment renders their further living together wholly insupportable."

Trial was to the court without a jury, resulting in a judgment granting appellee a divorce.

Although, as has been said, appellant did not answer before judgment, he later filed a motion and then an amended motion for new trial, setting up in substance the matters referred to in the points of error which he presents on appeal.

■ Under his first point of error appellant contends that all of the acts of cruel treatment complained of occurred more than four years before the suit was filed, and that the cause of action is therefore barred by limitation, relying on the holding in Franzetti v. Franzetti, Tex.Civ. App., 120 S.W.2d 123. The defense of limitation is not available here, if for no other reason, because it was not plead by defendant in the trial court. Rule 94, Texas Rules of Civil Procedure. See

statement of rule, and citation of authorities, in 28 Texas Jurisprudence, Limitation of Actions, § 191 et seq., p. 285.

Under the second point it is contended that the judgment is erroneous because based on hearsay evidence only. The testimony is preserved in a brief narrative statement. Only two witnesses took the stand, a brother and a sister of the appellee. The brother testified that appellee at the time of trial was residing at witness' home, recovering "from critical wounds suffered by her in the December shooting in which she was shot by defendant". He further testified that appellee had often made complaints to witness of appellant's mistreatment of appellee, and that she feared for her life. The sister testified that appellee and appellant had continuous trouble; that witness never visited their home because it was always unpleasant; that appellant never seemed able to provide for her; that after the separation appellee went to work to provide for her three children (one child by her marriage to appellant and two children by a previous marriage); that appellee told witness that she would go away except she knew it would mean trouble; that appellee feared for the safety of her children and herself because appellant was a dangerous man.

· In the absence of any exception to the petition, the allegations in the third paragraph, above quoted, do not appear to us necessarily to be limited to acts of cruel treatment which occurred before the separation. Where there is no special exception, or where the sufficiency of pleading is raised for the first time after judgment, the pleading will be construed as liberally as possible in favor of the pleader. 3 Tex.Jur., p. 635. The testimony of the brother that appellant shot and critically wounded appellee does not on its face appear to be hearsay. Evidence of a husband shooting a wife, in the absence of any explanation therefor by the husband, certainly ought to constitute direct proof of cruel treatment sufficient to warrant judgment for divorce. Under the third point appellant argues that there was no evidence that the acts of cruelty were of such a nature as to render their living together insupportable. Under the circumstances just described, where the husband files no answer, does not appear at the trial, and offers no justification for shooting his wife, it would not seem necessary that the wife take the stand and say in so many words that she could no longer bear to live with him. Her absence from the trial is explained by the statement of her brother that she was at his home recovering from her wounds.

Under the fourth point it is charged that the court erred in granting the divorce because there was no evidence that plaintiff and defendant had not lived together since their separation on December 6, 1937. There is no suggestion of condonation in any of the testimony. The implications are to the contrary. The point is overruled.

Finding no error, we affirm the judgment of the trial court.