**R. N. WEIR, Appellant,**

v.

**Carson McDANIEL et ux., Appellees.**

No. 6340.

Court of Civil Appeals of Texas.

Beaumont.

April 28, 1960.

**444**

Emmett Wilburn, Orange, for appellant.

Barber & Seale, Jasper, for appellees.

McNEILL, Justice.

Appellees, Carson McDaniel and wife, Ada McDaniel, brought this suit against R. N. Weir, appellant, in the district court of Orange County. It was alleged in the petition that appellees owned a small home and that Carson McDaniel sought a loan of $200 from appellant who promised to make it upon the execution by appellees of certain loan papers; that appellant prepared an instrument, dated January 22, 1955, which he represented to appellees to be a note or mortgage on their home but which was, on its face, a general warranty deed of the home from appellees to appellant for a recited cash consideration of $200. It was further alleged that through the false and fraudulent representations of appellant appellees were induced to execute said instrument, which they believed at the time to be a mortgage on their home; that appellees paid back to appellant $125 of the loan but were unable to pay any more and on or about May 17, 1957, through a forcible detainer suit filed by appellant, they were evicted from their home, and because thereof they suffered actual damages of $3,500 and that because of the willful and evil intent of such representations they were entitled to recover exemplary damages in the sum of $5,000. As an alternative ground of recovery, appellees alleged that Ada McDaniel did not acknowledge said instrument in accordance with law, and that since same was intended as a mortgage upon their homestead the instrument should be cancelled. Appellant answered only by general denial.

■ At the trial in answer to special issues the jury found that, (1) appellant represented to Carson McDaniel that the deed was a note; (2) McDaniel relied upon such representations; (3) the representation was a material inducement to signing the instrument; (4) the amount of loss sustained by them on account of such repre-

sentation was $2,375; (5) said representation was made willfully with an evil intent and without justifiable excuse; (6) appellees should have exemplary damages in the amount of $1,500; (7) appellee Ada McDaniel did not personally appear before the notary who took her acknowledgment to the deed; (8) appellant and appellee Carson McDaniel intended the deed to be a mortgage. Appellees having waived their right to rescind as it was disclosed at the trial that appellant had conveyed the premises to a third party, the trial court rendered judgment in favor of appellees against appellant for $3,875.

Appellant attacks this judgment upon four grounds, none of which question the allowance of exemplary damages, and that matter is not before us. Upon the first ground he says there is an irreconcilable conflict between the answers of the jury to Special Issue No. 8 and their answers to Special Issues Nos. 1 to 5, inclusive. We are not sure we understand appellant's argument: if it is meant that the issues pertaining to misrepresentations and damages are inconsistent or in conflict with the other issues involved, the answer thereto is that there is no conflict for the reason that the law usually affords a defrauded person the remedy either of rescission or damages, and both grounds being supported by the evidence in this case, the court correctly submitted both groups of issues. Or, if it is appellant's contention that the answer to Special Issue No. 1 that the instrument was a note is inconsistent with the answer to Special Issue No. 8, in which the jury found that it was the intent of the parties that the instrument should be a mortgage, there still is no conflict. Carson McDaniel testified that appellant represented to him that the instrument Carson and wife signed was a note on their home. "Q. That was a note on your home, to secure this loan? A. That's right." In view of this and like testimony in the record no conflict exists between the finding that the instrument involved was represented to be a "note" on the home and the finding that the parties intended it to be a "mortgage" on the home. 41B Tex.Jur. 798–801.

The first part of appellant's second complaint is that appellees failed to prove their case by clear and "conclusive" evidence. We have read the entire statement of facts and are satisfied that the evidence supports the findings of the jury. To be sure, the testimony of appellees was that of illiterate Negroes but there was no mistaking their version of the transaction. The second phase of appellant's second complaint is that since appellees about a year after having executed the first instrument, executed an installment contract of purchase of the home for $480 from appellant, they have acquiesced in appellant's version of the transaction. In respect to this appellees testified that appellant represented to them that this contract was "another note" on the home place. The question is not briefed and is therefore waived. Doherty v. San Augustine Independent School Dist., Tex.Civ.App., 178 S.W.2d 866; Pride v. Pride, Tex.Civ.App., 318 S. W.2d 715. Moreover, appellant failed to plead the sales contract in confession and avoidance as required by Rule 94, Texas Rules of Civil Procedure; Silva v. Silva, Tex.Civ.App., 181 S.W.2d 868.

The third complaint is that the witness, C. H. Meriwether, who testified as to the market value of the home place involved was not properly qualified to give his opinion thereon. He testified that he had been engaged in the real estate business in Orange County for 13 years; that he had dealt in real estate in the City of Orange where this property was located; that he was familiar with the home place involved and had inspected it along with other properties in the same neighborhood in making a temporary appraisal for a

government agency, and that he had an opinion as to the market value of the property on January 22, 1955. The qualifications of a person to testify as to market value is one left to the sound discretion of the trial court, and we think the action of the trial court in allowing the witness to give his opinion as to the market value of the property was clearly proper. General Motors Acceptance Corp. v. Killingsworth, Tex.Civ.App., 54 S.W.2d 266; Vol. 2, McCormick & Ray, Sec. 1422, pp. 256–262.

The last complaint is based upon failure of the trial court to grant a new trial because of newly discovered evidence. Appellant submitted affidavits of three persons to the effect that they saw Carson and Ada McDaniel in Mr. Weir's office and in the adjoining office of W. J. Tullos, a notary public, on the date of the deed. This testimony is cumulative of the testimony given at the trial by Weir and Tullos and would only impeach the testimony of Ada McDaniel. Whether she appeared before a notary or not is immaterial since appellees elected to affirm the transaction and recover damages. There was also submitted letters from the Housing Authority of the City of Orange to the effect that C. H. Meriwether made no appraisal for that Authority during 1954 or 1955. This does not directly conflict with the testimony of Meriwether who testified that he made the appraisal for "the housing people, federal government housing out of Fort Worth." Whether a new trial should be granted on the ground of newly discovered evidence is vested in the sound discretion of the trial judge. Here the able trial judge overruled the motion; and his authority to do so amply existed. Hayman v. Dowda, Tex. Civ.App., 233 S.W.2d 466.

The judgment is affirmed.