## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. NAPLES INDEPENDENT SCHOOL DIST.
### No. 3862.

Court of Civil Appeals of Texas. Texarkana.
July 17, 1930.

C. E. Bryson and King, Mahaffey & Wheel-
er, all of Texarkana, for appellant.

Henderson & Bolin, of Daingerfield, and C. R. Newland, of Linden, for appellee.

LEVY, J. (after stating the case as above).

 The appellant presents the point that the tax levy of May 4, 1928, appearing in the minutes of the board of trustees, in no event could be considered an "ordinance" within the meaning and contemplation of the statutes. The statutes require the board of trustees of an independent school district to levy the annual ad valorem tax "by ordinance." Articles 2758, 1027, R. S.; Gerhardt v. School Dist. (Tex. Civ. App.) 252 S. W. 197; Vance v. Town of Pleasanton (Tex. Civ. App.) 261 S. W. 457; Id. (Tex. Com. App.) 277 S. W. 89. The kind of "ordinance" contemplated has been sufficiently defined in American Construction Co. v. Seelig, 104 Tex. 16, 133 S. W. 429, and in Vance v. Town of Pleasanton (Tex. Civ. App.) 261 S. W. 457, 458, namely:

"To be an 'ordinance,' within the meaning of the statute, the procedure must be more than a mere verbal motion made, adopted, and entered on the minutes, more than a mere resolution subsequently reduced to writing by the secretary. It must be reduced to writing before being acted on by the council. It must be invested, not necessarily literally, but substantially, with the formalities, solemnities and characteristics of an ordinance, as distinguished from motions and simple resolutions."

As found by the trial court, the tax rate in the present case was authorized "by resolution adopted by the board of trustees." There is no further proof in respect to such resolution than what the minutes of the board of trustees show. Looking to the minutes of such board, there is reflected the record of a literal copy, not of a mere motion or resolution, but presumably of a formal writing drawn up and duly presented to the board of trustees and by them adopted. The notation, which in effect is a certificate, appearing at the foot of the recorded resolution is an indication that the "above order" was in written form at the time it was passed or acted on by the board of trustees. The notation reads:

"The above order was unanimously passed by the board of trustees of Naples Independent School District this date.

"Dr. C. D. Hibbitts, President,
"B. J. Floyd, Secretary."

And it is believed that the formal resolution should be construed to be an ordinance, as it is such in substance and intention. Quoting from 43 C. J. § 798, p. 519: "While it has been said that in substance there is no difference between a resolution and an informal motion made and carried, nevertheless a resolution passed with all the formalities required for passing ordinances may operate as an ordinance, regardless of the name by which it is called."

The same essentials which are required of an ordinance, viz. the amount of the tax and the purposes for which it was levied and the percentages to be applied, were distinctly stated. It is immaterial whether the resolution was read three times or less before final passage, as there is no requirement of statute in that respect applicable to ordinances of a school board. Had this been an ordinance of a municipal corporation, as a city or town, then the enacting clause expressly required by article 1012, R. S., would have been necessary. Harvey v. City of Seymour (Tex. Civ. App.) 14 S.W.(2d) 901. But the statute does not make the words "be it ordained," as prescribed for the ordinance of a city or town, applicable to school boards, nor does it declare the action or ordinance of a school board void unless the particular prescribed form be followed. The words appearing, "We, the board of trustees of the Naples Independent School District, hereby levy," are a form of expression which suits such body and sufficiently shows the source of the power by which the ordinance is passed and the will of the board that the ordinance should exist. The words so used are at least the equivalent of the words "be it ordained"; and therefore the ordinance should be treated as in sufficient form as well as content for an ordinance. The levy being under a valid ordinance it is unnecessary to allude to the validating act passed by the Forty-First Legislature.

 The appellant presents the further point that the trustees of the school board were not empowered to act as a board of equalization of assessments and increase the assessments. As held in Miller v. Vance, 107 Tex. 485, 180 S. W. 739, "an independent school district whose taxes are collected by county officials need not have a district board of equalization." It was later provided by the Acts of 1923, now article 2791, R. S. 1925, as follows:

"It shall be within the discretion of the board of trustees of any independent school district to name an assessor of taxes who shall assess the taxable property within the limits of the independent school district within the time and in the manner provided by existing laws, in so far as they are applicable, and when said assessment has been equalized by a board of equalization appointed by the board of trustees for that purpose, shall prepare the tax rolls of said district and shall duly sign and certify same to the county tax collector as provided for in the succeeding article."

In the present case the board of trustees exercised their "discretion" to have the taxes of their district assessed by the assessor

specially appointed for the purpose. As a consequence of such action, the duty then devolved upon "the board of trustees" to appoint "a board of equalization" for the school district. The statutory direction that taxes shall be equalized by an official board of equalization became imperative and not discretionary. 37 Cyc. § 2, p. 1074. "The right, if conferred by the law, to have an assessment reviewed," as laid down in 1 Cooley on Taxation (3d Ed.) p. 771, "is one of which an owner should not be denied." Quoting, as applicable, from the case of Miller v. Vance, supra: "Independent school districts which do not have their taxes assessed by the county assessor are clearly obliged to provide a board of equalization before which the citizen is entitled to appear and be heard upon any assessment of his property."

In requiring the board of equalization to be "appointed by the board of trustees," it cannot be supposed that the law contemplated the following action of the board of trustees: "The school board met in regular session, with the following members present (Here follow the names of the seven trustees): and a motion was made that the school board sit as a board of equalization in 1928, and the motion was carried."

The statute plainly evidences the will of the Legislature to grant the power to the board of trustees to select and appoint an official board of equalization of assessments to be composed, not of themselves, but of other qualified and suitable persons. The words of the grant of authority, which alone can justify the action of the board of trustees, cannot be extended by implication or inference to include the authority to choose and appoint themselves to be the board of equalization. In this view of the statute the board of trustees were without any authority, and it was an absolutely void act, as must be legally regarded, to appoint themselves as the board of equalization of assessments. The principle is set out in 46 C. J. § 43, p. 940, namely: "It is contrary to the policy of the law for an officer to use his official appointing power to place himself in office, so that, even in the absence of statutory inhibition, all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint."

As determined in the case of Ehlinger v. Clark, 117 Tex. 547, 8 S.W.(2d) 666, 674: "We think the employment of the county judge as an attorney by the commissioners' court, over which he presided, comes clearly within the rule that the appointing power, in this instance the commissioners' court, cannot appoint as its attorney, * * * to wit, the county judge, as was done in this case."

▇ The appellee insists that the assessments made by the trustees acting as a board of equalization were nevertheless valid because they were the acts of de facto officers. Numerous and often difficult questions have arisen upon exercise of the powers of an office by one who is only de facto an officer. The doctrine of "de facto officer" became a fixed rule of the common law as a matter of policy and necessity. 22 R. C. L. § 207, p. 589. Many cases have defined a "de facto officer," including Franco-Texan Land Co. v. Laigle, 59 Tex. 344, and Cox v. Ry. Co., 68 Tex. 266, 4 S. W. 455. The general proposition is laid down, as stated in the Laigle Case above, that: The fundamental principle is, "a de facto authority cannot arise when there has been absolutely no election or appointment, or, what is equivalent, one that is absolutely null and void, and not merely irregular or informal."

This proposition is approved in Brumby v. Boyd, 28 Tex. Civ. App. 164, 66 S. W. 874; Oates v. State, 56 Tex. Cr. R. 571, 121 S. W. 370, 371. This principle is applied in Odem v. Ind. School Dist. (Tex. Com. App.) 234 S. W. 1090; Jenkins v. Autry (Tex. Civ. App.) 256 S. W. 672. Further, as forming no basis for the application of the rule as to de facto officers, as laid down in 46 C. J. p. 1058: "The general rule applicable to individual officers irregularly appointed applies also to members of a board. But, since it is against public policy for an official board, without express authority, to appoint one of their own body to office, such an appointment is without color of right and void, and the appointee is not a de facto officer."

In the same general principle is the case of Felker v. City of Monroe, 22 Ga. App. 301, 95 S. E. 1023. And, too, in Gaw v. Ashley, 195 Mass. 173, 80 N. E. 790, 122 Am. St. Rep. 229, the rule that the appointment was inconsistent with and contrary to public policy was applied to prevent a board from appointing one of its own members to an office which was subordinate to such board. Therefore in the present case it is believed that no basis exists for the application of the rule as to de facto officers, and the board of trustees sitting as a board of equalization cannot be legally regarded as having the status of officials de facto.

The cases cited by the appellee of Blewett v. Ind. School Dist. (Tex. Com. App.) 240 S. W. 529, and Martin v. Ind. School Dist. (Tex. Civ. App.) 266 S. W. 607, involved acts of an assessor holding his election or appointment under color of right. Those cases present a state of facts quite dissimilar to the facts of the present case; and the same rule followed in the present appeal would not be strictly applicable to the facts of those cases. The trial court, it appears, felt constrained to hold those cases applicable and to uphold the action of the board as de facto officers solely upon the official ruling of department officers. Otherwise the court's ruling would have been as here now determined.

■ It is believed that the appellant was legally authorized to plead the invalidity of the assessment made by the board of trustees changing the individual assessment made by it to the assessor, and that it cannot be held to have been estopped, by acquiescence or otherwise, from claiming illegality of their acts as a board of equalization. A taxpayer cannot be held to have waived objections to such acts of an equalization board illegally created. The contentions so made are therefore overruled.

■ It appears from the findings of the trial court that the appellant "tendered the tax collector the amount of the taxes due to the independent school district under its original rendition and refused to pay the difference." In view of this fact, the school district would be legally entitled to recover of the railway company only the tax on the original rendition of $43,920 at the rate of $1 on the $100 valuation. The railway company, in virtue of the tender to the collector of the proper amount of tax, could not be regarded as having caused the delinquency, and therefore would not be liable for the penalty, interest, and costs sued for in this case.

The judgment is accordingly reversed, and the cause remanded, with instructions to enter a judgment in accordance with this opinion. The costs of this appeal will be paid by the appellee.