ers, whether arising from the provisions of the general corporation statute or from the purposes of the corporation as expressed in its charter. For the purpose of imputing such notice, corporation charters are regarded as public documents, as also, of course, the statutes conferring, and in some cases, limiting, corporate powers. Tex. Jur. vol. 10, p. 826, § 233.

■ The record shows conclusively that the Eastland County Lumber Company was an indorser, if at all, on the notes purely as an accommodation to Rollins and Harrell, which was know by the defendant bank at the time of the execution of the original note and each renewal. Hence no liability attached as against the Eastland County Lumber Company. McCaleb et al. v. Boerne Electric Power & Mfg. Co. et al. (Tex. Civ. App.) 173 S. W. 1191; Marshall National Bank v. O'Neal et al., 11 Tex. Civ. App. 640, 34 S. W. 344; Brannan's Negotiable Instruments Law, p. 279.

The Texas State Bank knowing, at the time of the execution of the note and each renewal thereof, that the Eastland County Lumber Company was indorser of the note purely as accommodation, it is obvious that such indorsement was. ultra vires as being wholly without the scope of the indorser's corporate power, and being without consideration, as well as in contravention of statutory inhibition. Article 1348, R. S. 1925; 10 Tex. Jur. p. 882, § 247; Al & Lloyd Parker, Inc., v. Cameron County Lumber Co. et al. (Tex. Civ. App.) 56 S.W.(2d) 256; W. C. Bowman Lumber Co. v. Pierson, 110 Tex. 543, 221 S. W. 930, 11 A. L. R. 547; Northside Ry. Co. v. Worthington, 88 Tex. 562, 30 S. W. 1055, 53 Am. St. Rep. 778.

Appellant complains at the action of the trial court in rendering judgment against appellant and in favor of the appellee, Eastland County Lumber Company, because the evidence shows that the lumber company received a consideration for the indorsements of the notes, in that it enabled the lumber company to sell lumber to the maker of the notes in building oil well rigs.

■ Appellant did not plead estoppel, based upon benefits received by appellee, against either appellee's plea of non est factum, or ultra vires. The trial court having found from the evidence that all material for the building of the oil well rigs was supplied by Harrell on or about the date named, and Rollins was unable to pay his laborers for work done in constructing the oil well rigs, and that the money obtained on the note was for the benefit of Rollins to pay off his laborers, there being evidence in the record to support such finding, such findings are conclusive on this court.

■ It is true that a corporation may be estopped to plead ultra vires, where corporate funds or assets have been augmented by money or other property received in the transaction. 10 Tex. Jur. 902, § 260. But a party may enforce such estoppel only when he shows that the benefit derived from the transaction with such corporation was direct and material. It is not sufficient to show an indirect or merely incidental or negligible benefit. 10 Tex. Jur. p. 855 et seq., § 225 et seq.; Bowman Lumber Company v. Pierson, 110 Tex. 543, 221 S. W. 930, 11 A. L. R. 547.

■ It does not appear that any estoppel was pleaded against the lumber company's assertion that its act in signing the note was ultra vires, based upon the benefit it received through its sales to the makers of the note for material needed for the building of the oil well rigs.

We have considered all other assignments presented by appellant as grounds for reversal, and have reached the conclusion that none of them require or justify such action. The judgment of the trial court as to Tom Harrell, who did not appeal, remains undisturbed. In all other respects, the judgment is affirmed.

## FLOWER GROVE INDEPENDENT SCHOOL DIST. v. KOGER.

### No. 3094.

Court of Civil Appeals of Texas. El Paso.

Nov. 15, 1934.

Rehearing Denied Dec. 6, 1934.

James T. Brooks and Thomas & McDonald, all of Big Spring, for appellant.

Carl Rountree, of Lamesa, for appellee.

HIGGINS, Justice.

Appellant, an independent school district, situate in Martin and Dawson counties, brought this suit against appellee to recover taxes for the year 1931 and to foreclose the statutory lien upon the land against which the taxes were assessed.

Judgment was rendered in appellant's favor for that portion of the taxes set aside to pay interest and provide a sinking fund for the bonded indebtedness of the district with foreclosure. Recovery was denied of that portion allotted to the maintenance fund.

It was incumbent upon the plaintiff to show a valid tax levy. City of Odessa v. Elliott (Tex. Com. App.) 58 S.W.(2d) 34.

Appellant relies upon the following entry upon the minutes of a meeting of the board of trustees as a valid levy, viz.: "A motion was made by E. M. Caves, and seconded by M. T. Mitchell to set aside thirty-two per cent to take care of sinking fund. The rate is $1.00."

A simple motion of this nature is insufficient. City of Odessa v. Elliott, supra.

Furthermore, it does not appear the motion carried.

Appellant invokes a validating act of the Forty-Third Legislature (chapter 182, p. 558 [Vernon's Ann. Civ. St. art. 2790b]) as validating the attempted levy. As we construe that act, it applies only to independent school districts in counties having a population of not less than 16,563, and not more than 16,963. The appellant is a county line district. Furthermore, neither of the counties in which it lies has the population stated.

There is language in the act which seems to make it applicable to any independent school district in the state, but to so construe it would render the act violative of that section of the Constitution (article 3, § 35) which requires that the subject of the act be expressed in its title. The title limits the application of the act to independent districts in counties of the population stated, and any attempt to extend the act to all independent districts in the state would be invalid because not embraced within the title. Adams & Wickes v. San Angelo Water Works Co., 86 Tex. 485, 25 S. W. 605; Morrill v. Smith County, 89 Tex. 529, 36 S. W. 56.

For the reasons stated recovery was properly denied of the maintenance tax.

Affirmed.