CRYSTAL CITY INDEPENDENT
SCHOOL DISTRICT et al.,
Appellants,

v.

GRIFFITH–WILLIAMS CATTLE
COMPANY et al., Appellees.

No. 16075.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 29, 1978.

Rehearing Denied Jan. 10, 1979.

Peter Torres, Jr., San Antonio, for appellants.

Edward Kliewer, III, Ronald B. King, Foster, Lewis, Langley, Gardner & Banack, Inc., San Antonio, for appellees.

## OPINION

MURRAY, Justice.

This suit was brought by appellees for declaratory judgment, for a writ of mandamus, and for temporary and permanent injunctive relief due to the adoption of an illegal and void scheme of taxation of real property for ad valorem tax purposes by the appellants. Appellees filed a motion for summary judgment which the trial court granted on the ground that the ad valorem taxes had not been levied by the school district as required by law. The school district then perfected its appeal to this court.

On August 9, 1976, the board of trustees of the school district through a resolution authorized the levy of ad valorem taxes assessed by the board of equalization. Appellees filed suit against appellants as a result of this alleged levy which adopted the property valuation increases made by appellants at the July 1976 board of equalization hearings. Appellees alleged such valuations upon their properties to be in excess of that allowed by law. Appellees also alleged that the method by which their tax liability was affixed for the 1976 ad valorem tax year contained many irregularities. Furthermore, this levy was alleged to be invalid and void as to all appellees because the levy was not in accordance with the laws of the State of Texas and did not contain the formalities required by the law to constitute a valid levy.

Although appellees pleaded several causes of action, their summary judgment motion only asserted that the levy conducted by the school district was invalid and that the appellants unlawfully denied some appellees their agricultural exemption. The motion for summary judgment was granted on the sole ground that the purported levy of taxes for the 1976 tax year was invalid and void because of the failure of such levy to be conducted with the formalities required by law. The court then ordered that the maximum tax liability incurred by the appellees for the 1976 ad valorem tax year was an amount equal to that previously paid to the appellants by each appellee.

The facts as they relate to the actions taken by the board of trustees on August 9, 1976, are without dispute. The appellants did not contest the accuracy of the minutes or resolution, which purport to evidence the 1976 levy of taxes for the school district. The appellants did not file any controverting affidavits nor did they in any way contradict any of the testimony of Mr. Balderas. Mr. Balderas, who is president of the board of trustees of the Crystal City Independent School District, testified in his deposition that the August 9, 1976, board of trustees' meeting was the only meeting which concerned the levy of 1976 taxes.

The minutes of the meeting of the board of trustees concerning this tax levy reflect that:

> Mr. Balderas made a motion to set the assessment ratio at 60% of the fair market value for all property in the Crystal City Independent School District, except for those applying for and qualifying for Agricultural Exemption; these values will be placed on the productive values, as set by Southwestern Appraisal Company. The persons qualifying for an Agricultural Exemption and Old Age Homestead Exemption will have an option to choose either the Agricultural Exemption or the Old Age Homestead Exemption. Mr. Rivera seconded this motion. Motion carried 5–0. This was based on the recommendation by Mrs. Avila and Supt. Lopez.

The unsigned resolution attached to the minutes of the meeting provides:

> WHEREAS, THE BOARD OF TRUSTEES OF THE CRYSTAL CITY INDEPENDENT SCHOOL DISTRICT is empowered to levy and collect taxes by the Texas legislature.
>
> BE IT RESOLVED, that the tax rate for the Crystal City Independent School District, for tax year 1976, be set at $2.15 per hundred dollars of valuation;
>
> That the assessment ratio of all property except real property qualifying for an Agricultural Exemption, be 60% of fair market value;
>
> That the Tax Assessor-Collector for the Crystal City Independent School District receive and accept applications from taxpayers eligible for either Old Age or Agricultural Exemptions, but that no individual taxpayer shall be granted more than one such exemption;
>
> That all land qualifying for an Agricultural Exemption be assessed upon the basis of its productive value, and that this productive value is to be determined by the Tax Assessor-Collector.

No fact issue exists as to these minutes and this resolution.

■ The only question before this court is whether or not the trial court was correct in holding that the alleged levy of taxes for the 1976 ad valorem tax year was, as a matter of law, invalid and void. Texas law is well settled that the levy of an annual ad valorem tax by a board of trustees of an independent school district is required to be by ordinance rather than by motion or resolution. *Mercedes Independent School District v. Nolen*, 536 S.W.2d 662, 664 (Tex.Civ. App.—Corpus Christi 1976, no writ); *Flower Grove Independent School District v. Koger*, 77 S.W.2d 602, 603 (Tex.Civ.App.—El Paso 1934, writ dism'd); Tex.Rev.Civ.Stat. Ann. art. 1027 (Vernon 1963).

Appellant asserts that this resolution qualifies as an ordinance because it is vested with the formalities, solemnities and characteristics of an ordinance; therefore, the levy is valid. We disagree.

The type of ordinance contemplated by the Texas courts was defined in *St. Louis Southwestern Ry. Co. of Texas v. Naples Independent School District*, 30 S.W.2d 703 (Tex.Civ.App.—Texarkana 1930, no writ):

> To be an 'ordinance' within the meaning of the statute, the procedure must be more than a mere verbal motion made, adopted, and entered on the minutes, more than a mere resolution subsequently reduced to writing by the secretary. It must be reduced to writing before being acted on by the council. It must be invested, not necessarily literally, but substantially, with the formalities, solemnities and characteristics of an ordinance, as distinguished from motions and simple resolutions.

*Id.* at 705.

In *Naples*, the board of trustees of the school district also levied its 1928 ad valorem taxes by resolution. The resolution, which was entered and recorded in the minutes of the board of trustees' meeting as the action of the board, read as follows:

> May 4, 1928. We, the Board of Trustees of the Naples Independent School District, hereby levy or set the tax rate on $100.00 valuation for this district at $1.00 to be assessed and collected by the duly elected Assessor and Collector for

the purpose of maintenance and payment of bonds, 60% to be used for maintenance, 40% to be used for payment of bonds.

The above order was unanimously passed by the Board of Trustees, Naples Independent School District, this date.

Dr. C. D. Hibbitts, President,

B. J. Floyd, Secretary.

This resolution was the only action taken by the board of trustees for the levy of these taxes. The court held that this resolution was sufficient to constitute an ordinance; therefore, the levy of ad valorem taxes was valid.

The court reasoned that this resolution, which stated the amount of the tax, for the purposes for which it was levied, and the percentages to be applied, contained the same elements that constitute an ordinance. The court further reasoned that the notation appearing at the foot of the recorded resolution was in effect a certificate and an indication that the above order was in written form at the time it was passed or acted on by the board of trustees. 30 S.W.2d at 705.

■ The resolution, involved herein, does not meet the minimum requirements set out in *Naples*. The minutes do not indicate that the resolution was ever acted on or passed by the board. The resolution was not signed by any member of the board and does not correspond to or bear any relationship to the minutes. Finally, the resolution does not state the purposes for which it was levied. This resolution clearly lacks the elements required to constitute an ordinance that levies ad valorem taxes.

■ Furthermore, the minutes of the August 9, 1976, meeting of the board of trustees show that Mr. Balderas made a motion to set the assessment ratio. The amount of the tax and the purpose for which it was levied were not stated, and the minutes do not reflect that a vote was ever taken on the tax rate. Under *Geffert v. Yorktown Independent School District*, 290 S.W. 1083 (Tex.Comm'n App.1927, opinion adopted), these minutes do not constitute a valid levy of ad valorem taxes.

■ We hold that the levy of ad valorem taxes by the Crystal City Independent School District for the 1976 tax year is invalid and void as to these appellees.

■ The trial court, in this judgment, enjoined the appellants from collecting taxes from appellees in excess of those previously paid by them to the appellants. As this suit only involved the 1976 ad valorem tax levy, the trial court's judgment is reformed to read that the appellants are enjoined from collecting 1976 ad valorem taxes from appellees in excess of those previously paid by them to the appellants.

The judgment of the trial court is reformed and as reformed is affirmed.

CADENA, Chief Justice.

I concur in the result solely on the ground that the taxing agency took no action of any kind purporting to levy a tax for the year in question.