**J. B. FOSTER, Trustee, et al.,
Appellants,**

v.

**HUBBARD INDEPENDENT SCHOOL
DISTRICT, Appellee.**

No. 6321.

Court of Civil Appeals of Texas,
Waco.

July 30, 1981.
Rehearing Denied Aug. 20, 1981.

Chris Harsdorff, Donald R. Davis, Foster & Garrett, Arlington, for appellants.

Gilbert T. Bragg, McCreary, Huey & Veselka, Austin, for appellee.

HALL, Justice.

Plaintiff Hubbard Independent School District filed this suit on July 24, 1979, for the recovery of delinquent ad valorem taxes assessed by plaintiff against certain real property located in Limestone County for the years 1975, 1977, and 1978; for penalties and interest; and for foreclosure of a tax lien against the property. Defendants are J. B. Foster, Trustee, William T. Jarvis, and Jacquelyn Keitt Jarvis. They answered plaintiff's suit with general denials. Plaintiff filed its first amended original petition on May 1, 1980, to include in its action recovery of the taxes assessed for 1979. These pleadings substantially followed the form prescribed in Article 7328.1, Vernon's Tex.Civ.St., for suits of this nature.

On August 11, 1980, plaintiff filed its motion for summary judgment. The motion was heard on September 12, 1980. Judgment was rendered on October 1, 1980, granting the motion and awarding plaintiff the recoveries sought. Defendants brought this appeal. We affirm the judgment.

Plaintiff's motion for summary judgment was supported by the affidavit of Kathryn Grund, plaintiff's tax assessor and collector. The affidavit incorporated by reference attached exhibits which included statements of delinquent taxes and certified copies of plaintiff's delinquent tax roll. Viewed alone, plaintiff's pleadings and motion and supporting proof supported the summary judgment. The tax rolls constituted prima facie evidence of the lawful levy of the taxes and the amount due. Articles 7326, 7336, and 7343, Vernon's Tex.Civ.St.; *Combs v. City of Port Arthur*, 437 S.W.2d 400, 403–404 (Tex.Civ.App.—Beaumont 1969, writ ref'd n. r. e.) See, also, *Alamo Barge Lines, Inc. v. City of Houston*, 453 S.W.2d 132, 133 (Tex.1970). Defendants do not assert otherwise.

Defendants' two contentions for reversal may be summarized as follows: (1) Plaintiff failed to establish that the taxes in question were levied by ordinance as required by law, rather than by resolution; and (2) the summary judgment record raises a fact question as to whether the taxes were levied by ordinance or by resolution.

These contentions are grounded upon the rule in Texas that the levy of an annual ad valorem tax by the board of trustees of an independent school district must be by ordinance rather than by a simple resolution or motion. *Crystal City Ind. Sch. Dist. v. Griffith-Williams Cattle Company*, 575 S.W.2d 336, 338 (Tex.Civ.App.—San Antonio 1979, writ ref'd n. r. e.); *Mercedes Ind. Sch. Dist. v. Nolen*, 536 S.W.2d 662, 664 (Tex.Civ.App. —Corpus Christi 1976, no writ); *St. Louis Southwestern Ry. Co. v. Naples Ind. Sch. Dist.*, 30 S.W.2d 703, 705 (Tex.Civ.App.— Texarkana 1930, no writ).

Defendants filed their "Response To Motion For Summary Judgment" on August 25, 1980. In its pertinent parts this pleading provided as follows:

"The affidavit of Kathryn Grund is an affidavit of an interested witness in that Kathryn Grund is Tax Assessor-Collector of Hubbard Independent School District and it is inconsistent with other evidence with the Court in that Kathryn Grund, in testimony given in her deposition in this case on the 2nd of May, 1980, testified that she did not know whether or not the annual assessments for the years 1975 and 1977 were authorized by resolution of the Hubbard Independent School District Board following proper notice.

"There are genuine issues of material facts which preclude the granting of summary judgment in favor of Plaintiff as appear from the pleadings, the deposition of Kathryn Grund and the affidavit submitted on this motion. More particularly, there is an issue of fact as to whether or not the assessments for the tax years in question were properly enacted by the Hubbard Independent School District in accordance with the law of the State of Texas."

On September 12, 1980, the day that plaintiff's motion for summary judgment was heard, defendants filed an instrument denominated in its body as a "supporting affidavit to opposition to motion for summary judgment." This instrument was executed by defendant John B. Foster, and it contained the following statements:

"There are several issues of fact to be tried before the court. The first issue of

fact to be tried is one concerning the levying and assessment of taxes by the Hubbard Independent School District. Depositions on file herein reflect that proper procedures were not followed in passing a new tax rate.

"A further material issue of fact involves the amount of taxes to be paid by defendants herein. The tax assessor-collector states that the sum of $10,468.17 is due and owing to the Hubbard Independent School District. However, it is uncontroverted that no agricultural exemption was allowed the defendants for the years 1975, 1976, 1977, 1978 and 1979. This exemption was not allowed, notwithstanding that affiant herein applied for said exemption and the amount of taxes recoverable by the school district would be greatly reduced had the agricultural exemption been granted. Testimony will be offered at the trial of this case by a former employee of the Hubbard Independent School District who will testify that said agricultural exemption was applied for by John Foster, Trustee."

Defendants based their contentions on appeal on statements made by Mrs. Grund (plaintiff's tax assessor and collector) in her deposition that for the years in question plaintiff's School Board "passed a resolution authorizing the levy of taxes."

The appellate record in this case as originally filed by defendants did not contain Mrs. Grund's deposition, and it did not contain the exhibits attached to Mrs. Grund's affidavit. In its brief filed in this court plaintiff noted these deficiencies in the record; and it cited authorities for the rule that the incomplete record required affirmance of the judgment. Defendants did not act on this notice. In oral argument before us, plaintiff again raised the issue of the incomplete appellate record. At that time we granted defendants ten days in which to complete the record. Defendants then supplemented the record with Mrs. Grund's deposition, but they have not brought forward the exhibits attached to Mrs. Grund's affidavit.

■ We cannot decide upon the incomplete record that the judgment is erroneous.

We must presume that the omitted exhibits which defendants chose not to bring forward for review conclusively established the levy issue in support of the summary judgment. *Hassell v. New England Mutual Life Insurance Co.*, 506 S.W.2d 727 (Tex.Civ.App.—Waco 1974, writ ref'd).

■ We also agree with plaintiff that the judgment must be affirmed because no evidence was presented in support of defendants' invalid levy defense. The record shows that defendants used Mrs. Grund's deposition as their summary judgment evidence, but their references to it dealt solely with their claims involving agricultural exemptions. The deposition testimony they now rely upon regarding levy by resolution was not in any manner raised before the trial court.

■ Where (as here) the summary judgment record establishes the movant's entitlement to judgment, the motion will not be denied merely because the opposite party has alleged matters in his response which, if proved, would require denial. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678, 679 (Tex.1979); *Wiley v. Wiley*, 576 S.W.2d 465, 467 (Tex.Civ.App.—Waco 1978, writ ref'd n. r. e.).

The judgment is affirmed.