

# THE ATTORNEY GENERAL
## OF TEXAS

July 28, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Kenneth H. Ashworth    Opinion No.   JM-934
Commissioner
Texas Higher Education           Re:  Dual membership on Board
    Coordinating Board           of Trustees of Houston Inde-
P. O. Box 12788                  pendent School District and
Austin, Texas    78711           Houston    Community    College
                                 District   (RQ-1421)

Dear Mr. Ashworth:

You ask three questions which arise out of the proposal of the Board of Education for the Houston Independent School District to divest itself of the management, control, and operation of the Houston Community College System pursuant to section 130.016 of the Texas Education Code. The Houston Community College System was established by the Houston Independent School District in accordance with the predecessor provision of section 130.011 of the Education Code. See Attorney General Opinions M-876, M-851 (1971). Section 130.011 provides that an "independent school district junior college" may be established by an independent school district which meets certain requirements. Educ. Code § 130.011(a). The board of trustees of the independent school district serves as board of trustees of the community college district, but exercises different powers and duties for each entity. Attorney General Opinions MW-504 (1982); M-876 (1971). The community college district and the independent school district that created it are separate legal entities. Attorney General Opinion MW-504 (1982).

The Houston Independent School District Board of Education now intends to create a separate board of trustees for the community college system in accordance with section 130.016 of the Education Code, which provides in part:

> (a) A junior college established by an independent school district . . . may be governed, administered, and controlled by and under the direction of a **separate** board of trustees, which may be placed in authority by either of the following procedures:

> (1) <u>the board of trustees of an inde-</u>
> <u>pendent school district or city school</u>
> <u>district which has the management,</u>
> <u>control, and operation of a junior college</u>
> may divest itself of the management,
> control, and operation of that junior
> college so maintained and operated by the
> school board by appointing for the junior
> college district a separate board of
> trustees of nine members; or
>
> (2) [petition and election procedure
> on question of whether school board of
> trustees shall be divested of authority
> as governing board of junior college dis-
> trict.]  (Emphasis added.)

Educ. Code § 130.016.

Your first two questions are as follows:

> 1.  May a trustee who currently serves as
> a member of both the HCCS Board and the HISD
> Board retain his or her position on the HCCS
> Board of Trustees if he or she resigns from
> the HISD Board of Education?
>
> 2.  If the answer to the first question is
> yes, must the trustee resign from the HISD
> Board of Education, or can the member elect
> to serve on the new HCCS Board while also
> serving as a trustee of the HISD?

We will deal with these two questions together.

At present, the Board of Education for the Houston Independent School District governs the Houston Community College System, applying Education Code provisions relevant to community colleges when it convenes to make decisions for the community college system. It is not, however, two boards composed of the same persons, even though, as the attorneys for the community college system and the independent school district inform us, it conducts the business of the independent school district and the business of the community college system at different meetings and identifies itself as both "the Board of Education for the Houston Independent School District" and "the Board of Trustees for the Houston Community College System."

The underlined language of section 130.016 of the Education Code shows that only the board of the independent school district exists prior to the appointment of a separate board for the junior college district.   The language of section 130.017 of the Education Code, which provides for a petition and election to divest the school board of its authority over a junior college, also demonstrates that only the board of trustees of the independent school district exists as a legal entity before the appointment of a board for the junior college district.   Section 130.017(a) of the Education Code provides as follows:

> (a)   On a petition signed by 10 percent of the qualified electors of the independent school district or city school district, the board of trustees within 30 days shall call an election after the petition has been duly presented on the proposition of <u>whether the school board of trustees shall be divested of its authority as governing board of such junior college district</u>.   (Emphasis added.)

Educ. Code § 130.017(a).

Thus, under the Education Code, the trustees of the Houston Independent School District are not members of a board of trustees for a community college and cannot therefore "retain" membership on the separate board of trustees for the community college system. Members of the Houston Independent School District Board of Trustees may become members of the newly created separate board of trustees for the junior college district only by appointment to it pursuant to section 130.016 or 130.017 of the Education Code.

The appointment of the new board is, however, subject to the common law doctrine of incompatibility. It is well established that all officers who have the appointing power are disqualified for appointment to offices to which they may appoint. <u>Ehlinger v. Clark</u>, 8 S.W.2d 666 (Tex. 1928) (commissioners court could not employ county judge as its attorney). This rule has been applied to bar the board of trustees of a school district from appointing themselves as the board of equalization for the district. <u>St. Louis Southwestern Railway Co. of Texas v. Naples I.S.D.</u>, 30 S.W.2d 703 (Tex. Civ. App. - Texarkana 1930, no writ). The court stated as follows:

It is contrary to the policy of the law for an officer to use his official appointing power to place himself in office, so that, even in the absence of statutory inhibition, all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint.

St. Louis Southwestern Railway Co. of Texas v. Naples I.S.D., supra, at 706 (quoting 46 C.J. Officers § 43, at 940, see 67 C.J.S. Officers § 23 at 269). A trustee who serves on the board of the Houston Independent School District may not be appointed to the newly created board of trustees for the Houston Community College System. If a trustee resigns from the board of trustees for the Houston Independent School District and is replaced by another person so that he no longer continues in the office as a holdover officer pursuant to article XVI, section 17 of the Texas Constitution, the common law doctrine of incompatibility will no longer bar his appointment to the board of trustees for the Houston Community College System. Attorney General Opinion O-410 (1939) (member of board of directors of Texas Tech could not be appointed president of college by board when successor had not been appointed). See also Attorney General Opinion C-452 (1965).

Your third question is as follows:

3. May a current member of the HISD and HCCS Boards serve the remainder of his or her current term on both boards after a separation of the two boards has occurred?

In view of our answer to your first two questions, we need not answer your third question.

## S U M M A R Y

The board of trustees of the Houston Independent School District, which established the Houston Community College System pursuant to the predecessor of section 130.011 of the Education Code, governs the community college system but does not constitute a separate board of trustees for the community college system. When the board of trustees of the independent school district acts to divest itself of the management, control, and operation of the

community college district  by appointing  a separate board of  trustees for it  pursuant to section 130.016 of the Education Code, it may not appoint  any of its  own members  to the  separate  board of  trustees  of  the community college district.  The common  law doctrine  of  incompatibility  prevents  an officer from using  his appointive power  to appoint himself to an  office.  If a  member of the independent  school district  resigns his office and is replaced so that he is  no longer a holdover officer under article XVI, section 17, of  the Texas Constitution,  the common law doctrine of incompatibility  will not prevent  his appointment  as trustee  of the  separate  board  of  trustees  for  the community college district.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General