

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 7, 1989

Honorable John F. Perry
County Attorney
Hopkins County Courthouse
Sulphur Springs, Texas  75482

Opinion No.  JM-1069

Re: Composition of  municipal
zoning  board  of  adjustment
(RQ-1626)

Dear Mr. Perry:

You have asked  whether the  governing body  of a  home
rule city,  which has  adopted a  comprehensive zoning  plan
pursuant to the  enabling statutes now  codified in  chapter
211 of the Local Government  Code, may, by local  ordinance,
designate itself to act as a zoning board of adjustment.

It has been  suggested that such  an arrangement  would
violate article II,  section 1, of  the Texas  Constitution,
the "separation of powers"  provision, but we conclude  that
it is unnecessary to reach the constitutional question.  The
statute  authorizing  cities  to  create  zoning  boards  of
adjustment itself prevents the governing body of a city from
acting as the zoning board of adjustment, in our opinion.

The power of cities to enact comprehensive zoning plans
is circumscribed.  See Mixon, Texas Municipal Zoning  Law,
§ 1.09 at 1-21  (issue 3-1988).   In Bolton  v. Sparks,  362
S.W.2d 946 (Tex. 1962), the Texas Supreme Court said:

> The  courts  of  this  State  have  held
> ordinances  and  amendments  to  ordinances
> invalid  where  the  express,  mandatory
> provisions  of  our  zoning statute  have  not
> been complied  with. . . .  Municipal  ordin-
> ances must conform to the limitations imposed
> by the superior statutes, and only where  the
> ordinance is consistent  with them, and  each
> of them, will it be enforced.

362 S.W.2d  at 950.   When  the statutes  conferring  zoning
authority upon  cities  direct that  action  be taken  in  a
certain way, it may  be performed in  no other manner.   See
Smart v. Lloyd, 370 S.W.2d  245 (Tex. Civ. App. -  Texarkana

1963, no writ). And the legislature may restrict such actions as it sees fit. _See_ _Coffee City v. Thompson_, 535 S.W.2d 758 (Tex. Civ. App. - Tyler 1976, writ ref'd n.r.e.); _Lawton v. City of Austin_, 404 S.W.2d 648 (Tex. Civ. App. - Austin 1966, writ ref'd n.r.e.). _Cf._ _City of Brookside Village v. Comeau_, 633 S.W.2d 790 (Tex.), _cert. denied_, 459 U.S. 1087 (1982) (no comprehensive zoning plan).

Local Government Code section 211.008 reads:

(a) The governing body of a municipality _may_ provide for the appointment of a board of adjustment. In the regulations adopted under this subchapter, the governing body may authorize the board of adjustment, in appropriate cases and subject to appropriate conditions and safeguards, to make special exceptions to the terms of the zoning ordinance that are consistent with the general purpose and intent of the ordinance and in accordance with any applicable rules contained in the ordinance.

(b) A board of adjustment _must_ consist of five members to be appointed for terms of two years. The appointing authority may remove a board member for cause on a written charge after a public hearing. A vacancy on the board shall be filled for the unexpired term.

(c) The governing body, by charter or ordinance, may provide for the appointment of four alternate board members to serve in the absence of one or more regular members when requested to do so by the mayor or city manager. An alternate member serves for the same period as a regular member and is subject to removal in the same manner as a regular member. A vacancy among the alternate members is filled in the same manner as a vacancy among the regular members.

(d) Each case before the board of adjustment must be heard by at least four members.

(e) The board shall adopt rules in accordance with any ordinance adopted under

this subchapter. Meetings of the board are held at the call of the chairman and at other times as determined by the board. The chairman or acting chairman may administer oaths and compel the attendance of witnesses. All meetings of the board shall be open to the public.

(f) The board shall keep minutes of its proceedings that indicate the vote of each member on each question or the fact that a member is absent or fails to vote. The board shall keep records of its examinations and other official actions. The minutes and records shall be filed immediately in the board's office and are public records. (Emphasis added.)

On the face of section 211.008,[1] it does not appear mandatory that a city appoint a board of adjustment. The use of "may" in subsection (a) suggests that the appointment of such a board is discretionary, although the case of Sams v. Dema, 316 S.W.2d 165 (Tex. Civ. App. - Houston 1958, writ ref'd n.r.e.), indicates that a city attempting to enforce a comprehensive zoning plan without a board of adjustment may

---

1. The Local Government Code was enacted in 1987 as a nonsubstantive recodification of existing law. Acts 1987, 70th Leg., ch. 149, § 51, at 1308. The prior law for chapter 211 was found in articles 1011a through 1011m, V.T.C.S. Section 211.008 was derived from former article 1011g, V.T.C.S., which referred not to the "governing body of a municipality" but, rather, to the "local legislative body" of a home rule city or of a general law municipality. See Acts 1971, 62d Leg., ch. 742, § 1, at 2385. The courts have often identified zoning boards of adjustment as "quasi-judicial" or "administrative" bodies. See Murmur Corp. v. Board of Adjustment of City of Dallas, 718 S.W.2d 790 (Tex. App. - Dallas 1986, writ ref'd n.r.e.); Board of Adjustment of City of San Antonio v. Nelson, 577 S.W.2d 783 (Tex. Civ. App. - San Antonio 1979, writ ref'd n.r.e.), 584 S.W.2d 701 (Tex. 1979); Washington v. City of Dallas, 159 S.W.2d 579 (Tex. Civ. App. - Dallas 1942, writ ref'd); 52 Tex. Digest 2d Zoning and Planning § 355 (1984). See also City of Amarillo v. Stapf, 101 S.W.2d 229 (Tex. 1937) (powers of board adjustment).

be mandamused to provide one. See also City of Amarillo v. Stapf, 101 S.W.2d 229 (Tex. 1937); Mixon, Texas Municipal Zoning Law, § 1.19 at 1-26 (issue 3-1988).[2]

Nonetheless, though the creation of a board of adjustment may be discretionary, the word "may" in subsection (a) of the statute cannot be construed to allow the governing body of a city to itself act as a board of adjustment if one is not appointed, or to appoint its own members as board members if such a board is created. Cf. Lauterbach v. City of Centralia, 304 P.2d 656 (Wash. 1956). When the legislature intended that the governing body of a municipality could exercise the zoning powers of an appointive commission or board, it plainly so indicated -- as it did with zoning commissions. See Local Gov't Code § 211.007. Cf. Acts 1979, 66th Leg., ch. 754, at 1869 (source law); Coffee City v. Thompson, supra (prior law).[3]

---

2. Whether the word "may" in a statute is permissive or obligatory depends in great measure on the intent and object of the legislature in making the enactment. It means "must" when the intent is that the public have an interest in having the act done (or a claim de jure that the power be exercised). See Rains v. Herring, 5 S.W. 369 (Tex. 1887); Kleck v. Zoning Bd. of Adjustment of the City of San Antonio, 319 S.W.2d 406 (Tex. Civ. App. - San Antonio 1958, writ ref'd).

3. Section 211.007 reads in part:

(a) To exercise the powers authorized by this subchapter, the governing body of a home-rule municipality shall, and the governing body of a general-law municipality may, appoint a zoning commission. The commission shall recommend boundaries for the original zoning districts and appropriate zoning regulations for each district. If the municipality has a municipal planning commission at the time of implementation of this subchapter, the governing body may appoint that commission to serve as the zoning commission.

. . . .

(Footnote Continued)

Unlike a zoning commission, which merely advises the governing body prior to the exercise of legislative power by the latter, a zoning board of adjustment is an administrative appellate body charged with deciding appeals from the decisions of administrative officials. Local Gov't Code § 211.010.[4] See Mixon, Texas Municipal Zoning Law, § 8.08 at 8-12 (issue 4-1989). Under the scheme of statutory comprehensive zoning plans, those aggrieved or affected by an administrative officer's voidable decision (including cities) must exhaust administrative remedies before petitioning a court to remedy the matter. See City of Dallas v. Gaechter, 524 S.W.2d 400 (Tex. Civ. App. - Dallas 1975, writ dism'd); cf. Austin Neighborhoods Council, Inc. v. Board of Adjustment of City of Austin, 644 S.W.2d 560 (Tex. App. - Austin 1982, writ ref'd n.r.e.) (ratification of appeal by city council).

The incongruity of the governing body being at the same time an appellant and the adjudicator of its own appeal argues strongly against any supposed legislative intent that the governing body of a city could, at its election, act as the legislatively contemplated board of adjustment for the city. Cf. Attorney General Opinion H-117 (1973)(election commissions; judges). A local ordinance purporting to

_____

(Footnote Continued)

(e) If a general-law municipality exercises zoning authority without the appointment of a zoning commission, any reference in a law to a municipal zoning commission or planning commission means the governing body of the municipality. (Emphasis added.)

4. Subsection (a) of section 211.010 provides:

(a) Any of the following persons may appeal to the board of adjustment a decision made by an administrative official:

(1) a person aggrieved by the decision; or

(2) any officer, department, board, or bureau of the municipality affected by the decision.

authorize such a role for the governing body would seemingly fail the test of due process of law, which demands an impartial trier of facts. See Thompson v. Texas State Bd. of Medical Examiners, 570 S.W.2d 123 (Tex. Civ. App. - Tyler 1978, writ ref'd n.r.e.); Martinez v. Texas State Bd. of Medical Examiners, 476 S.W.2d 400 (Tex. Civ. App. - San Antonio 1972, writ ref'd n.r.e.).

We conclude that the governing body of a municipality that chooses not to appoint a separate board of adjustment is not authorized to act as a de facto board of adjustment itself. Although subsection (a) of section 211.008 may not mandate the establishment of such a board, it effectively precludes the exercise of such a board's powers except in conformity with statutory requirements.[5]

We also conclude that members of the governing body cannot be appointed to serve on such a board if one is created. However uncertain might be the proper reading of subsection (a), there can be no doubt about the mandatory nature of subsection (b) of section 211.008. It states that a board of adjustment "must consist of five members to be

---

5. There are listed in Mixon, Texas Municipal Zoning Law § 8.01, several cases that apparently assumed -- without holding -- that entities other than boards of adjustment could perform functions that the enabling act delegates to the board. Several of them were decided prior to the Texas Supreme Court's decision in Bolton v. Sparks, supra. None directly addressed the issue here. See Cleburne Living Center, Inc. v. City of Cleburne, 726 F.2d 191 (5th Cir. 1984), aff'd in part and vacated in part, 473 U.S. 432 (1985); Fountain Gate Ministries, Inc. v. City of Plano, 654 S.W.2d 841 (Tex. Civ. App. - Dallas 1983, writ ref'd n.r.e.); Slater v. City of River Oaks, 330 S.W.2d 892 (Tex. Civ. App. - Fort Worth 1959, no writ); Dunaway v. City of Austin, 290 S.W.2d 703 (Tex. Civ. App. - Austin 1956, writ ref'd n.r.e.); Congregation Comm. v. City Council, 287 S.W.2d 700 (Tex. Civ. App. - Fort Worth 1956, no writ). As observed in 22 Texas Practice 233 (Singer, Municipal Law and Practice § 502), "The language of the statute seems to contemplate that a board [of adjustment] separate from the city council will be appointed."

appointed for terms of two years," and it authorizes the appointing authority to remove appointees for cause.[6]

In Ehlinger v. Clark, 8 S.W.2d 666 (Tex. 1928), the Texas Supreme Court said:

> It is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint.

8 S.W.2d at 674. Also, in St. Louis Southwestern Ry. Co. of Texas v. Naples Indep. School Dist., 30 S.W.2d 703 (Tex. Civ. App. - Texarkana 1930, no writ), the court held null and void the appointment by a school board of themselves as a board of equalization for school district taxes, saying:

> The statute plainly evidences the will of the Legislature to grant the power to the board of trustees to select and appoint an official board of equalization of assessments to be composed, not of themselves, but of other qualified and suitable persons.

30 S.W.2d at 706. See also Attorney General Opinion JM-934 (1988).

In our opinion, the governing body of a municipality that has adopted a comprehensive zoning plan cannot -- consistent with the regulatory statutes -- act as a zoning board of adjustment pursuant to a local ordinance, nor may

---

6. Subsection (b) does not specify that the governing body of the municipality itself must be "the appointing authority," but in any case "the appointing authority" cannot appoint members of the governing body to the board of adjustment. The power of the governing body of the city to control or alter by ordinance the conditions under which "the appointing authority" (whoever it may be) exercises the appointive power effectively eliminates members of the governing body as valid appointees. See Attorney General Opinion JM-386 (1985); 67 C.J.S. Officers § 23 at 269.

members of the governing body be appointed to serve on a separate board of adjustment. See generally City of Pharr v. Tippit, 616 S.W.2d 173 (Tex. 1981).

### S U M M A R Y

The governing body of a city cannot -- consistent with the statutes regulating zoning matters -- act as a zoning board of adjustment pursuant to a local ordinance, nor may members of the governing body be appointed to serve on a separate board of adjustment.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General