ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 28, 2005

The Honorable Ken Armbrister
Chair, Committee on Natural Resources
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0377

Re: Whether a school board trustee may vote to appoint himself to fill a board vacancy created by the resignation of another trustee (RQ-0350-GA)

Dear Senator Armbrister:

You inform us that a Schulenburg Independent School District Board (the "Board") trustee resigned from her office on March, 1, 2005, with more than a year remaining in her term.[1] At a subsequent Board meeting, a sitting trustee – whose term would end in May of 2005 and who was not seeking re-election – was presented to the Board as a candidate for appointment to the vacated office. *See* Request Letter, *supra* note 1, at 1. Relevant to your question, you note:

> The appointment was favorably voted on by three members, including the member who was being appointed to the vacated term. Two members voted in opposition to the appointment. Without the appointed member's affirmative vote, the appointment would not have been ratified by a majority of the board members.

*Id.* Thus, you ask whether a trustee may vote for himself to be appointed to fill the unexpired term. *See id.*

In asking your question, you appropriately turn our attention to Education Code section 11.060, which governs school district board vacancies. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. EDUC. CODE ANN. § 11.060 (Vernon 1996). Section 11.060(a) provides that "[i]f a vacancy occurs on the board of trustees of an independent school district, the remaining trustees may fill the vacancy by appointment until the next trustee election." *Id.* § 11.060(a). Additionally, section 11.060(d) requires that "[i]f more than one year remains in the term of the position vacated, the vacancy shall be filled under this section not later than the 180th day after the date the vacancy

---

[1]*See* Letter from Honorable Ken Armbrister, Chair, Committee on Natural Resources, Texas State Senate, to Honorable Greg Abbott, Texas Attorney General (June 20, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter]; *see also* Brief from Nancy K. Harlan, Attorney, Morrison & Associates, P.C., to Honorable Greg Abbott, Texas Attorney General (July 22, 2005) (on file with Opinion Committee) [hereinafter Morrison Brief].

occurs." *Id.* § 11.060(d). Beyond these requirements the Education Code contains no further instructions on how to fill a board vacancy by appointment.

The Board's power to appoint an individual to fill a vacancy on the board is, nevertheless, subject to the common-law doctrine of incompatibility, which in one of its aspects prohibits self-appointment. *See Ehlinger v. Clark*, 8 S.W.2d 666 (Tex. 1928). It is well established that "all officers who have the appointing power are disqualified for appointment to offices to which they may appoint." *Id.* at 674. Indeed, "it is contrary to the policy of the law for an officer to use his official appointing power to place himself in office . . . ." *St. Louis Southwestern Ry. Co. of Texas v. Naples Indep. School Dist.*, 30 S.W.2d 703, 706 (Tex. Civ. App.–Texarkana 1930, no writ) (citations omitted). This doctrine, moreover, is not limited by the facts before it; rather, "the courts state the principle broadly as an absolute rule." Tex. Att'y Gen. LO-94-020, at 2 (citing *St. Louis Southwestern Ry. Co. of Texas*, 30 S.W.2d at 703); *see* Tex. Att'y Gen. Op. Nos. JM-934 (1988) at 3; C-452 (1965) at 3-4; O-789 (1939) at 3. A statute, however, may overcome this common-law doctrine so long as the statute is within constitutional bounds and plainly expresses such an intent. *See St. Louis Southwestern Ry. Co. of Texas*, 30 S.W.2d at 706.

Here, the Board appointed a sitting trustee to fill a vacant position on the Board itself. These facts are not unique. This office has twice determined that the self-appointment aspect of the common-law incompatibility doctrine bars a sitting member of a body from being appointed to fill a vacancy on the body itself. *See* Tex. Att'y Gen. Op. No. C-452 (1965) (commissioners barred by doctrine from appointing sitting commissioner to fill court vacancy resulting from county judge's resignation); Tex. Att'y Gen. Op. No. O-789 (1939) (commissioners barred by doctrine from appointing sitting commissioner to court vacancy resulting from county judge's death). But even if these facts were unique, it would not change the absolute nature of the rule.[2] Moreover, neither Education Code section 11.060(a) nor any other statute expressly overcomes the common-law prohibition against self-appointment in this situation; section 11.060(a) merely permits the Board to appoint qualified and suitable persons other than themselves, *see St. Louis Southwestern Ry. Co. of Texas*, 30 S.W.2d at 706 (finding that a statute which permitted a school board of trustees to appoint individuals to a board of equalization did not overcome self-appointment prohibition and therefore the trustees could not appoint themselves). The appointment is void as a matter of law. *Ehlinger*, 8 S.W.2d at 673-74; *St. Louis Southwestern Ry. Co. of Texas*, 30 S.W.2d at 706; Tex. Att'y Gen. Op. No. C-452 (1965) at 4. Thus, it is inconsequential whether the sitting member votes to appoint himself to the office or other members of the board vote to appoint him to the office. The sitting member's appointment is barred until his term has expired and he no longer continues in the office as a holdover officer under Texas Constitution article XVI, section 17. *See* Tex. Att'y Gen. Op. Nos. JM-934 (1988) at 4, O-410 (1939) at 9; Tex. Att'y Gen. LO-97-047, at 4, LO-92-8, at 2; *see also* TEX. CONST art. XVI, § 17.

_____

[2]A brief filed in response to this request argues incorrectly that "the underlying rationale of the [self-appointment prohibition] is to prevent . . . having a person hold two positions where one position might control the other in some way" and thus in this instance the doctrine is irrelevant. *See* Morrison Brief, *supra* note 1, at 2. As we have explained, the prohibition against self-appointment is a literal and absolute prohibition based on long-standing policy and not limited by the facts. *See supra* at p. 2.

### S U M M A R Y

The self-appointment aspect of the common-law doctrine of incompatibility voids the appointment of a sitting school board trustee by a vote of the school board to fill a vacancy on the board created by the resignation of another trustee.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee